OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, ET AL., APPELLANTS, *v.* CENTRAL STATE UNIVERSITY ET AL., APPELLEES.

(No. 83 CA 78—Decided March 27, 1984.)

*Ms. Sandra Mendel,* for appellants.
*Mr. Taylor Jones, Jr.,* for appellees.

McBRIDE, J. Despite the speed and efficiency attributed to arbitration, this grievance under a labor contract is entering its fourth year. The fire fighting unit involved no longer exists.

The grievance citation was filed April 7, 1981. It stated the substance of the dispute about which more will be said later. There followed other grievance filings based upon the failure of the employer to respond to the itemized steps provided in the labor agreement for the disposition of grievance claims. When these various issues were heard by the arbitrator, he found that the employer had defaulted in its responses and that under the labor agreement he was required to find in favor of the union on the merits. While the arbitrator wrote a several-page explanation, the conclusion on the substance of the original grievance was succinct and may be described as a finding by default. The authority for the default is in the labor agreement itself. There is no record of testimony before the arbitrator.

The union then filed the instant action to confirm the arbitrator's decision. Here again, there was a failure to respond by the employer until after time limitations had expired provoking a proliferation of filings in the trial court under the Rules of Civil Procedure and the first six assignments of error in this court. They do not determine the outcome of the case, and regardless of their merit or lack of it, do not control the final judgment of the trial court, except as they may reappear in the seventh and eighth assignments of error which reach the merits of this controversy. The six procedural thrusts are denied as not prejudicial.

The question as to what portion of the Rules of Civil Procedure may be applicable to the special statutory proceedings for confirmation of a decision of an arbitrator was not sufficiently presented and is not resolved. Civ. R. 1(A) and 1(C).

The remaining assignments of error are:

### 7

"The lower court committed reversible error in failing to grant the unions' [*sic*] application to confirm the arbitration award."

### 8

"The lower court committed reversible error in finding that the arbitration award was indefinite and uncertain and in its order remanding the cause to the arbitrator."

In both assignments of error, appellants argue that the judgment of the trial court finding that the decision of the arbitrator was vague and uncertain and the remand without confirmation was contrary to the manifest weight of the evidence. As previously indicated, there is no record of testimony. Without evidence, there is nothing to be weighed. This case must be resolved by the record of the filings without regard to such evidence as may have been presented.

A review of the special statutes on the subject is appropriate. The provisions in a contract for arbitration are generally valid, irrevocable and enforceable. R.C. 2711.01. R.C. 2711.09 continues:

"At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order

and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. * * *''

Either party may file a motion to vacate, modify or correct an award by an arbitrator; however, the time restriction for a party seeking vacation is limited. R.C. 2711.13 provides:

"After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

"Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney *within three months after the award is delivered to the parties in interest,* as prescribed by law for service of notice of a motion in an action." (Emphasis added.)

However, R.C. 2711.10 requires that an award shall be vacated upon the application of any party under specific circumstances and unlike either of the two preceding sections, there are no similar time restraints upon a party:

"In any of the following cases, the court of common pleas *shall* make an order vacating the award upon the application of any party to the arbitration if:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators." (Emphasis added.)

Where any one of the four above conditions is present, the court should not and cannot confirm an award. The first three represent matters which vitiate the arbitration procedure. They are not technically jurisdictional because the authority of the court continues, but the existence of a condition described destroys the integrity of the proceedings or the power of the arbitrator.

Procedural errors and other mistakes fall into a different category under R.C. 2711.13. It is only when the award is so imperfect that there was no award on the subject matter (issues) that subsection (D) of R.C. 2711.10 applies. In view of the vital purpose of R.C. 2711.10, there is a logical reason why such section does not contain the three-month restriction from the time of the award that applies to other unspecified objections to confirmation under R.C. 2711.13.

We agree that the time restraint in R.C. 2711.13 is jurisdictional and may be applied as a statute of limitations to subjects other than those listed in R.C. 2711.10.

When these related sections are construed together to determine their purpose, we conclude that the legislature intentionally included a time restraint in the one, but not in the other section.

The time limitation in R.C. 2711.13 may not be transposed and incorporated into R.C. 2711.10. The legislative intent in R.C. 2711.10 is that the court "shall" not confirm an award that is fraught with fraud, corruption, misconduct or is so indefinite that the court cannot determine what it was that the arbitrator decided. The conditions described result

in a nullity. The thrust of R.C. 2711.10 is not to anything the parties may or may not file. Unusual language is directed to the court mandating a vacation of an award if any of the specific conditions are found to exist.

Since the trial court found that the award was too vague and uncertain, the focus of this appeal centers on the question whether the decision of the arbitrator was so imperfect that it did not make a final and definite award upon the issue submitted. R.C. 2711.10(D).

The subject matter or issues submitted to the arbitrator are found in the grievance filed by the union and required under the union contract to be determined by multi-step procedures which are more rigorous and more expressive of finality when there is a default than exist in the traditional rules for legal procedure.

We are not referred to any authority for the construction to be applied to the language of allegations for the submission of the subject matter of grievances in labor disputes. In view of the purpose and use of these allegations in creating issues for resolution in arbitration, through non-judicial channels by laymen, we are reluctant to adopt a test more strict than the liberalized notice pleading in the courts. If anything, the rule should be more liberal in determining the subject or issue submitted to an arbitrator.

However, it is vital under R.C. 2711.10(D) to precisely ascertain the issue submitted to the arbitrator to determine if he exceeded his power, or, in the alternative, if he decided the issue. This is critical in this case because his award was a general default finding which under the labor contract authorized such a general award for the union under grievance citation, which is the sole record of the subject submitted. However, until we know the subject matter of the grievance, we cannot determine whether the issue submitted was resolved under the general finding.

This is significant in a case such as this where the arbitrator made a general award, without repeating its substance, for one of the parties. The fact that it was by default, as authorized, may justify the brevity of the default finding but it does not vary, change or amend what was the subject matter of the submission to and the conclusion of the arbitrator who ruled in favor of the union. The general finding for the union must be determined by reference to and acceptance of the language used by the union in the original grievance citation, much the same as is done in civil cases by looking to the complaint.

The subject matter of the initial grievance citation filed April 7, 1981 upon which the award was granted by the arbitrator is as follows:

"The University is requiring that the fire fighters of this department work a (24) continuous period and be paid for only (16) continuous hours of work at straight time."

There follows in the citation a list of authority, including the contract and the Ohio statutes, which do not add to the language of the citation or to the issue submitted.

Under the addendum to the labor contract, we learn that the fire fighters were on twenty-four hours and off forty-eight, and that of the twenty-four hours on, eight were assigned as sleep. The grievance clearly expresses a claim that fire fighters were not paid for eight of the hours of their duty day at their place of employment.

From the opinion and award of the arbitrator, we learn that there was a hearing at which the parties stipulated that there was no issue of arbitrability and that "the matter" was properly before the arbitrator who had jurisdiction to enter a final award on the dispute stated. The opinion recites that a record was made and the case submitted on the testimony of two witnesses and at least

eleven exhibits, including the labor agreement, correspondence, earlier procedural steps as to the grievance and related matters. The issue presented at this hearing before the arbitrator was whether the April 7 grievance was timely processed through the third step set out in the contract and, if not, what was the appropriate remedy for a default.

The appellant union argued that Article XI of the contract was effective and that the failure of the university to respond within time was binding and that the grievance must be sustained automatically, as provided in the contract, regardless of the merits: in other words, a default finding. The university contended that the time limits were mere guides and substantial compliance was sufficient.

The arbitrator continued in his report:

"The arbitrator has carefully reviewed the numerous joint exhibits, the testimony and the citations offered by the parties. After consideration the arbitrator must decide that the grievance has merit and that the original grievance of April 7, 1981 should be resolved in favor of the Union on the basis that the University failed to file a written third step answer in a timely fashion * * *."

The arbitrator followed by outlining the basis of his decision for concluding that the specific procedural requirements of the bargaining agreement are mandatory, not suggestive, and that failure to follow the time requirements was fatal to the defaulting party's position on the merits, as expressly stated and required in Article XI. He found that the university did fail, not once but twice, to timely respond to the original citation. Then followed the final award:

"The May 11, 1981 grievance is sustained and thus based on the issue of timeliness, the April 7, 1981 grievance is decided in favor of the Union on a procedural basis."

The above effectively determined issues raised by the original citation based, not on the merits of that issue, but upon the decision mandated in the labor contract in favor of the union for failure of the university to proceed with the preliminary procedures stated in the contract. In effect, it was a finding by default mandated by the labor contract and required by the contract to be in favor of the union.

Even though one may question the language adopted in the labor agreement, R.C. 2711.01 provides that such provisions are valid, irrevocable and enforceable. The effect of defaults encourages active participation in resolving disputes and promotes their speedy resolution. However, a resolution and general award on the merits, reached by way of such a default and a required general finding on the issues or subject matter without repeating the findings on such issues, cannot escape the fundamental test of R.C. 2711.10(D) as to the subject matter submitted to the power of the arbitrator or as to whether the finding was complete and final on the subject matter submitted. Here, his power cannot exceed resolution of the issues, and only those issues, described in the language of the submission in the grievance citation.

The situation is much the same as a default in a negligence case in which liability as alleged is determined for want of opposition. Once liability is determined by arbitration, as agreed to, there are other avenues for determination of amount of recovery. Liability on the subject matter was the only issue submitted under the grievance citation. Since the extent of liability was not submitted for determination, the extent of liability was beyond the power delegated to the arbitrator. There is no doubt in this case that the general award sustained the language of the grievance and was a finding that the fire fighters were entitled to be paid for twenty-four, not sixteen hours of the duty day as set out in the grievance.

The argument on what was deter-

mined by the default award is obscured by appellants' insistence that there was another issue of a right to time and a half for some not alleged and otherwise unknown periods of time. We find that the grievance citation did not incorporate an issue of overtime and that a resolution of such an issue would have been beyond the power conferred upon the arbitrator by the method and language of submission used in this case under the labor agreement.

The brief but general finding for the union under the circumstances is as definite and as broad as the language of the grievance citation. The fire fighters sought pay for twenty-four hours rather than sixteen of their duty day. The arbitrator generally made such an award. To this extent, the finding of the trial court that the award as made was too vague and uncertain to enforce was in error. The remand to the arbitrator for resolution of other unknown claims, which were not submitted to the arbitrator for resolution, was unnecessary and beyond the authority delegated for determination. The arbitrator and the court have no authority to amend the submission or expand the power conferred whether the submission to the arbitrator be upon a separate agreement of the parties or upon the provisions for arbitration in a written contract.

The seventh and eighth assignments of error are sustained.

The judgment of the trial court will be reversed and the award of the arbitrator approved and confirmed within the language of the submission as stated in the grievance citation and as herein outlined.

*Judgment reversed.*

BROGAN, P.J. and WEBER, J., concur.

McBRIDE, J., retired, of the Second Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.