[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 620.]

CITY OF GALION ET AL., APPELLANTS, *v*. AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, OHIO COUNCIL 8, AFL-CIO, LOCAL NO. 2243, ET AL., APPELLEES.

[Cite as *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, AFL-CIO, Local 2243*, 1995-Ohio-197.]

*Arbitration—R.C. 2711.13 provides three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11—R.C. Chapter 2711 provides exclusive statutory remedy parties must use in appealing arbitration awards to courts of common pleas.*

1. R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11.

2. R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas. An action in declaratory judgment cannot be maintained to circumvent the clear legislative intent of R.C. Chapter 2711.

(No. 94-82—Submitted January 24, 1995—Decided March 29, 1995.)

CERTIFIED by the Court of Appeals for Crawford County, No. 3-93-9.

———————————

{¶ 1} In 1989, Donald Tucker ("Tucker"), appellee, a member of appellee American Federation of State, County and Municipal Employees, Ohio Council 8, AFL-CIO, Local No. 2243 ("AFSCME"), was convicted of a fourth-degree felony. Tucker was placed on probation for three years. As a result of this conviction, he was terminated from employment.

**{¶ 2}** AFSCME filed a grievance on Tucker's behalf against Tucker's employer, the city of Galion ("city"), appellant. The collective bargaining agreement between the parties called for binding arbitration. Based upon this agreement, the grievance proceeded to arbitration.

**{¶ 3}** On April 27, 1990, the arbitrator sustained the grievance to the extent that Tucker was entitled to reinstatement without back pay, provided he complete any probationary period imposed as a result of his conviction and that he not have supervisory authority over other employees.

**{¶ 4}** In July 1992, Tucker's probation period ended. AFSCME immediately notified the city and requested that Tucker be reinstated. The city refused to do so. One month later, the city filed a complaint for declaratory judgment, which was later amended to include a motion to vacate or modify the arbitration award.

**{¶ 5}** After answering, AFSCME moved to dismiss or, in the alternative, sought summary judgment on the grounds that the common pleas court lacked subject matter jurisdiction. After the court overruled these motions, the city moved for summary judgment, which the court granted. The common pleas court determined that a declaratory judgment action was appropriate.

**{¶ 6}** AFSCME appealed the trial court's grant of summary judgment. The appellate court reversed, finding (1) that the city's application to vacate or modify the award was not timely filed in accordance with R.C. 2711.13, and (2) that the complaint for declaratory judgment did not set forth a cause of action based upon the bargaining agreement, but was grounded in R.C. 2711.10, and, thus, it too was filed untimely.

**{¶ 7}** Finding its judgment to be in conflict with the judgment of the Court of Appeals for Greene County in *Ohio Council 8, AFSCME, AFL-CIO v. Cent. State Univ.* (1984), 16 Ohio App.3d 84, 16 OBR 89, 474 N.E.2d 647, the court of

appeals certified the record of the case to this court for review and final determination.

_____

*Mabee, Meyers & Mills* and *Reese F. Mills*, Galion Director of Law, for appellants.

*Sheila A. Kyle-Reno* and *Ronald H. Janetzke*, for appellees.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 8} The question certified for our review is "whether R.C. 2711.13 is a statute of limitation[s] that prohibits a party from filing an application to vacate or modify an arbitration award under R.C. 2711.10 [and 2711.11], after the expiration of the three-month period following the date of an arbitration award." To answer the certified question, this court must also determine whether a party, when challenging an arbitration award, has the option of bringing an action for declaratory judgment as an alternative to the statutory remedy contained in R.C. Chapter 2711.

{¶ 9} For the foregoing reasons, we hold that R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award. We further hold a party may not file a declaratory judgment action under these circumstances, but is instead limited to following the statutory procedure set forth in R.C. Chapter 2711 when challenging an arbitration award.

{¶ 10} R.C. 2711.10 and 2711.11 clearly establish the circumstances where a party may appeal to the common pleas court to vacate, modify or correct an arbitration award. *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Assn. for the Teaching of the Mentally Retarded* (1994), 71 Ohio St.3d 15, 641 N.E.2d 180. In order to vacate, modify, or correct an award, a party may file an action in the common pleas court pursuant to R.C. 2711.13. R.C. 2711.13 states:

"After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

"Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest * * *."

{¶ 11} In our view, the language of R.C. 2711.13 is clear, unmistakable and, above all, mandatory. R.C. 2711.10 specifies when an arbitration award can be vacated, R.C. 2711.11 establishes the circumstances under which the common pleas court may modify or correct an arbitration award, and R.C. 2711.13 states the time frame in which the motion must be made. We are unpersuaded by appellant's argument that the statute of limitations in R.C. 2711.13 does not apply to motions brought under R.C. 2711.10 and 2711.11. If the General Assembly did not intend for the statute of limitations in R.C. 2711.13 to apply, it would have expressly excluded R.C. 2711.10 and 2711.11 from that section.

{¶ 12} Thus, in answering the certified issue, we hold that R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11. If an application is filed after this period, the trial court lacks jurisdiction. Here, the arbitrator's award was issued on April 27, 1990. The city did not file its motion to vacate or modify the award until September 1992. Because the city failed to file its motion to vacate or modify the arbitrator's award within the required three-month period, the appellate court properly reversed the common pleas court.[1]

---

1. It appears that almost four months after the arbitrator issued his award, the parties jointly requested a clarification from the arbitrator as to what was meant by the language "provided that [Tucker] has completed any probationary period." This request went unanswered for two years. It was finally answered after AFSCME asked the city to reinstate Tucker in July 1992. The city argues the clarification request tolled the statute of limitations. We reject this argument. The statutory

**{¶ 13}** In addition to its motion to vacate or modify the award, the city filed a complaint for declaratory judgment. The city contends that it was warranted in requesting declaratory relief because the Declaratory Judgment Act (R.C. Chapter 2721) allows a common pleas court to construe a contract and declare a party's rights or legal status thereunder. Hence, it maintains that bringing a declaratory judgment action was appropriate, since it asked the court to construe the collective bargaining agreement to determine whether the arbitrator exceeded his authority when he ordered reinstatement instead of recommending reinstatement.

**{¶ 14}** AFSCME argues that the city may not use a declaratory judgment action as an alternate remedy for appealing arbitration awards. We agree with AFSCME.

**{¶ 15}** We have held that if there is a special statutory procedure which a party must use, an action for declaratory judgment is inappropriate. *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 572 N.E.2d 1387; *State ex rel. Taft v. Franklin Cty. Court of Common Pleas* (1992), 63 Ohio St.3d 190, 586 N.E.2d 114.

**{¶ 16}** R.C. Chapter 2711 provides such a special statutory procedure. The arbitration statutes authorize limited and narrow judicial review of an arbitration award. These statutes set forth specific statutory procedures to vacate, modify, correct, or confirm an arbitration award. *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities, supra; Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 18 OBR 225, 480 N.E.2d 456. If we were to sanction the use of declaratory relief in this case, then parties challenging arbitration awards would be able to bypass the stringent requirements that are needed to overturn, modify or correct an arbitration award. Such a result would be patently against the clear legislative intent favoring private settlement of grievances.

---

language contained within R.C. 2711.13 contains no provision allowing for the tolling of the limitations period.

**{¶ 17}** Accordingly, we hold R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas. Thus, an action in declaratory judgment cannot be maintained to circumvent the clear legislative intent of R.C. Chapter 2711.

**{¶ 18}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

Moyer, C.J., Douglas, Wright, Resnick, Pfeifer and Cook, JJ., concur.

_____