OPINION
{¶ 1} William Manning ("appellant/cross-appellee") appeals the November 30, 2001 decision of the Portage County Common Pleas Court confirming the binding arbitration award issued against appellant. Advanced Technology Incubator Inc. and its sole shareholder and president, Dr. Zvi Yaniv ("appellees/cross-appellants"), cross-appeal the trial court's denial of their motion for prejudgment interest made pursuant to R.C. 1343.03(A). For the following reasons, we affirm the decision of the trial court as it pertains to appellant's appeal and reverse the trial court's decision on appellees' cross-appeal.
 {¶ 2} Appellant and appellees entered into a consulting agreement on January 1, 1993. The primary focus of the agreement involved an advanced Liquid Crystal Display ("LCD") technology used by appellant's companies located in Kent, Ohio. Subsequently, a dispute arose between the parties as to the amount of time appellees were required to devote to appellant under the agreement. As required by Article 10 of the agreement, appellant filed for binding arbitration in October of 1999 claiming appellees had breached the agreement. Appellees then filed a counterclaim seeking damages from an alleged breach by appellant on related employment issues. Per the agreement, the arbitration was to take place in Rochester, New York.
 {¶ 3} On January 12, 2000, New York arbitrator, Frank H. Lloyd Jr., issued his decision. The arbitrator found that appellees had committed an immaterial, technical breach of the agreement, and awarded appellant nominal damages in the amount of $1.00. On appellees' counterclaim, the arbitrator found that appellant breached the agreement by unilaterally converting appellees' employment status, and ordered appellant to pay appellees $22,000 for lost retirement contributions. On April 12, 2000, appellant moved to vacate the award in the U.S. District Court for the Northern District of Ohio. The District Court dismissed appellant's motion for lack of jurisdiction, without prejudice. Appellees then moved to confirm the award in the court below on January 10, 2001. Within the time allowed by the Ohio Savings Statute, appellant timely filed another motion to vacate on February 14, 2001. Appellees also filed a motion for prejudgment interest on March 8, 2001. A hearing was held on October 22, 2001. The trial court subsequently issued its decision on November 30, 2001, confirming the arbitrator's original award and denying appellees' motion for prejudgment interest. This timely appeal followed. Appellant asserts the following two assignments of error for our review:
 {¶ 4} "[1.] The trial court erred by failing to vacate the arbitration award.
 {¶ 5} "[2.] The trial court erred by failing to dismiss ATI's application to reduce the arbitration award to judgment for lack of jurisdiction."
 {¶ 6} At oral arguments, appellant conceded the issue raised in his second assignment of error and agreed with appellees that the trial court did indeed have jurisdiction to reduce the binding arbitration award to judgment. However, for the sake of clarity, this court is compelled to briefly address appellant's second assignment of error.
 {¶ 7} As previously mentioned, Article 10 of the parties' agreement stated that any disputes "shall be settled by expedited arbitration in Rochester, New York * * *." The agreement also contained a forum clause that stated: "Judgment upon the award may be entered in anycourt having jurisdiction thereof." (Emphasis added.)
 {¶ 8} R.C. 2711.16 states: "Jurisdiction of judicial proceedings provided for by sections 2711.01 to 2711.14, inclusive, of the Revised Code, is generally in the courts of common pleas, and actions and proceedings brought under such sections shall be brought either in the court of common pleas of the county designated by the parties to the arbitration agreement, * * *, which designation is an irrevocable consent to the parties thereto to such jurisdiction, or, whether or not such designation had been made, in the court of common pleas of any county in which a party in interest resides or may be summoned, or if any party in interest is a corporation, in any county in which such corporation is situated, or has or had its principal office or place of business, or in which such corporation has an office or agent, * * *."
 {¶ 9} Furthermore, "R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas." Gallion v. Am. Fedn. of State, Cty., Mun. Emp., 71 Ohio St.3d 620, 1995-Ohio-197, syllabus. While the parties in the instant case did include a "choice of law" clause in their agreement, they also included a forum clause in their agreement, which allows judgment to be entered "in any court having jurisdiction thereof." Thus, "no matter what law may govern as to the validity and interpretation of a contract, the law of the forum controls as to all matters connected with procedure for its enforcement." Guider v. LCICommunications Holdings Co. (1993), 87 Ohio App.3d 412, 417. As a result, Chapter 2711 of the Ohio Revised Code, and its interpretation by Ohio's courts, control our analysis of the trial court's decision. Additionally, R.C. 2711.09 and R.C. 2711.10 give Ohio Courts of Common Pleas the ability to confirm or vacate arbitration awards.
 {¶ 10} In his first assignment of error, appellant argues that the trial court erred in failing to grant his motion to vacate the arbitration award. We again disagree with appellant.
 {¶ 11} The standard for vacating a binding arbitration award in both New York and Ohio is extremely high. New York courts have held that "arbitrators have broad authority to resolve disputes, unfettered by formal rules of law or the constraints of the traditional litigation model." 166 Mamaroneck Ave. Corp. v. 151 East Post Road Corp. (1991),78 N.Y.2d 88, 93. The courts of New York have also held that "where the arbitrator makes a mistake of fact or law, or disregards the plain words of the parties' agreement, a court may not vacate an award unless the court concludes that it is totally irrational or violative of a strong public policy, and thus in excess of the arbitrator's powers." Hackett v.Milbank, Tweed, Hadley McCoy (1995), 86 N.Y.2d 146, 155.
 {¶ 12} Ohio courts have similarly held that "the arbitrator is the final judge of both law and facts, and that an award will not be set aside except upon a clear showing of fraud, misconduct, or some other irregularity rendering the award unjust, inequitable, or unconscionable * * *, and that even a grossly erroneous decision is binding in the absence of fraud." Goodyear v. Local Union No. 200 (1975), 42 Ohio St.2d 516,522. Consistent with the Supreme Court's pronouncement, R.C. 2711.10
states that a binding arbitration award can only be vacated for certain reasons. These include: "(A) The award was procured by corruption, fraud, or undue means; (B) There was evidence of partiality or corruption on the part of the arbitrators, or any of them; (C) The arbitrators were guilty of misconduct, * * *, or of any other misbehavior by which the rights of any party have been prejudiced; (D) The arbitrators exceeded their powers, * * *."
 {¶ 13} This court has also held that arbitration awards are presumed valid, and an appellate court may not substitute its judgment for that of an arbitrator. Stehli v. Action Custom Homes, Inc. (2001),144 Ohio App.3d 679, 681. As a result, "this court is confined to an evaluation of the order issued by the court of common pleas." Lynch v.Halcomb (1984), 16 Ohio App.3d 223, 224.
 {¶ 14} In interpreting R.C. 2711.10, this court has expressly held that the role of a common pleas court in reviewing a binding arbitration award is limited to determining whether any of the grounds set forth in the statute occurred during the arbitration proceeding. Oil, Chem. Atomic Workers Internatl. Union v, RMI Co. (1987), 41 Ohio App.3d 16,20. Furthermore, we have held that "[an appellate court] may not pass upon the substantive merits of the arbitration award absent evidence of material mistake or extensive impropriety." Hacienda Mexican Restaurantof Ohio v. Zadd (Dec. 10, 1993), 11th Dist. No. 92-L-108, 1993 Ohio App. LEXIS 5923, at *4, *5.
 {¶ 15} In applying the foregoing standards, the courts of this state have not attempted to specifically define the terms of "material mistake" and "extensive impropriety." A review of the various cases indicates that these terms are often employed as synonyms for the grounds set forth in R.C. 2711.10. Although it is uncertain whether the terms can encompass more than the grounds in the statute, it is abundantly clear that an appellate court will not reverse the affirmance of an arbitration award on the basis that the award was against the manifest weight of the evidence, or that the arbitrator's legal analysis was incorrect. Id. at *5.
 {¶ 16} In this case, appellant makes the "catch phrase" assertions that the arbitrator "exceeded his power" and "made a material mistake of law" in granting the award. But upon closer examination, appellant merely seeks to challenge the merits of the arbitrator's legal analysis and underlying findings of fact. Appellant has not asserted that, aside from the arbitrator's findings of fact and legal analysis, any material mistake or extensive impropriety occurred during the arbitration proceeding. Indeed, the only argument appellant attempts to make is that Dr. Yaniv should not have been a party to the arbitration, and that the arbitrator exceeded his authority in doing so. We disagree with appellant.
 {¶ 17} The record indicates appellant's arbitration complaint stated that Dr. Yaniv individually violated the contract as an employee of appellant and sought to recover damages from Dr. Yaniv individually. As a result, appellant was the one who included Yaniv as a party to the arbitration, not the arbitrator. Furthermore, appellant waived his opportunity to object to Yaniv's participation in the New York arbitration. In a New York arbitration proceeding, unless an objecting party files a motion in state court to stay the arbitration of a claim, the arbitrator has complete authority to determine for himself whom he will make a party and what claims he will ultimately hear and decide. Inthe Matter of Kidder, Peabody Co. v. Fisch (2nd Dept. 1997),661 N.Y.S.2d 31, 33.
 {¶ 18} Pursuant to our holding in Hacienda Mexican Restaurant, the above challenge does not constitute a proper basis for vacating or reversing a binding arbitration award.
 {¶ 19} Even if appellant were to provide substantive arguments as to any "material mistakes" or "extensive improprieties", appellant has failed to supply the trial court, as well as this court, with a complete transcript of the arbitration proceedings. Contrary to appellant's assertions, this issue was raised by appellees during the October 22, 2001 hearing. Appellees stated "And they haven't attached a copy of the transcript." T.p. at 16. Additionally, the trial court also stated "Without a transcript, I have no way to, * * *, as I see it." T.p. at 19. A common pleas court must base its decision solely upon the record of the arbitration proceeding, including a transcript of the arbitration hearing. Chester Twp. v. Fraternal Order of Police (1995),102 Ohio App.3d 404, 408. Absent a complete transcript, both the trial court and this Court must presume regularity in both the arbitrational proceedings and the decision itself. See McDonald Local School Dist. v.Dull (Aug. 20, 1999), 11th Dist. No. 98-T-0078, 1999 Ohio App. LEXIS 3885, at *2, *3.
 {¶ 20} Based on the above, appellant has failed to demonstrate a proper basis for vacating the arbitrator's award in this case. As a result, we hold that the trial court was correct in its confirmation of the arbitration award pursuant to R.C. 2711.09. Thus, appellant's first assignment of error is also without merit.
 {¶ 21} In their cross-appeal, appellees assert the following assignment of error for review:
 {¶ 22} "[1.] The trial court erred in not awarding prejudgment interest."
 {¶ 23} Appellees argue that pursuant to R.C. 1343.03(A), they are entitled to an award of prejudgment interest. We agree with appellees.
 {¶ 24} R.C. 1343.03(A) states in pertinent part: "In cases * * * when money becomes due and payable upon any * * * instrument of writing, * * * the creditor is entitled to interest at the rate of ten per cent per annum * * *, unless a written contract provides a different rate of interest."
 {¶ 25} Ohio courts have long recognized the common-law right to prejudgment interest. Miller v. Gunckle, 96 Ohio St.3d 359,2002-Ohio-4932, at 365. It is well established that the underpinning of prejudgment interest awards is to encourage prompt settlement of claims, prevent prolonged litigation, and to compensate and make the injured party whole. Royal Elec. Constr. Corp. v. Ohio State Univ., 73 Ohio St.3d 110,1995-Ohio-110, at 116-117. Moreover, the Supreme Court of Ohio has held that "interest is allowed, not only on account of the loss which a creditor may be supposed to have sustained by being deprived of the use of his money, but on account of the gain made from its use by the debtor." Moskovitz v. Mt. Sinai Med. Ctr., 69 Ohio St.3d 638,1994-Ohio-324, at 656.
 {¶ 26} Appellant attempts to direct this court to the Supreme Court of Ohio's decision in Landis v. Grange Mut. Ins. Co.,82 Ohio St.3d 339, 1998-Ohio-387, as well as this court's own decision inDavis v. Safe Auto Ins. Co. (Mar. 31, 2000), 11th Dist. No. 99-A-0005, 2000 Ohio App. LEXIS 1384. In doing so, appellant attempts to argue that the decision to award prejudgment interest under R.C. 1343.03(A) lies within the discretion of the trial court. Appellant is incorrect in his assertion. In both of those cases, the courts held that a party receiving an arbitration award was entitled to prejudgment interest pursuant to1343.03(A), and that the trial court's denial of prejudgment interest constituted reversible error. The two issues that were held to be within the discretion of the trial court were the date upon which the prejudgment interest began to accrue and the awarding of attorney fees.Landis, supra, at 342; Davis, supra, at *5, *7.
 {¶ 27} Based on the above reasoning, we conclude that appellees' argument as to the issue of prejudgment interest has merit. We therefore reverse the decision of the trial court on the sole issue of prejudgment interest and remand this matter to the trial court so that it may determine the accrual date, as well as calculate the amount of prejudgment interest due appellees.
 {¶ 28} For the foregoing reasons, we hold that appellant's first and second assignments of error are without merit, and affirm the decision of the trial court as to both assignments of error. We reverse the decision of the trial court on the sole issue of appellees' cross-appeal regarding prejudgment interest. This matter is hereby remanded to the trial court for proceedings consistent with this opinion.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.