[Cite as *Colerain Twp. v. AFSCME Ohio Council 8, AFL-CIO, Local 3553*, 2024-Ohio-1352.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| COLERAIN TOWNSHIP, | : | APPEAL NO. C-230377 |
| | | TRIAL NO. A-2204168 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| AFSCME OHIO COUNCIL 8, AFL-CIO | : | |
| LOCAL 3553, | | |
| | | |
| Defendant-Appellant. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 10, 2024


*Schroeder, Maundrell, Barbiere & Powers* and *Scott A. Sollmann*, for Plaintiff-Appellee,

*Ohio Council 8, AFSCME, AFL-CIO, Kimm A. Massengill-Bernardin* and *Michelle R. Evans*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}   This appeal derives from the trial court's review of an arbitration award that was entered as a part of the grievance procedure under a collective-bargaining agreement (the "CBA"). The underlying dispute concerns a township employee's termination while the employee was on leave pursuant to the Family Medical Leave Act ("FMLA"). The employee—asserting that his termination was a disciplinary action—filed a grievance after his termination asserting that he was improperly terminated without a predisciplinary hearing. The township argued that a pre-disciplinary hearing was not necessary as his termination was a result of the employee abandoning his position, and not a disciplinary action. The grievance process ultimately culminated in the instant appeal.

{¶2}   The question now presented in this appeal is whether the trial court correctly vacated the arbitration award under R.C. 2711.10 after finding that the arbitrator exceeded her authority by ordering that the employee be reinstated and made whole. The arbitrator made such an award after finding that the underlying grievance was deemed settled under Article 7, section 6 of the CBA based on the township's failure to follow the grievance procedure. Defendant-appellant ASFMCE Ohio Council 8, AFL-CIO, Local 3553 ("the union") appeals from the judgment of the trial court, arguing in a single assignment of error that the trial court erred when it granted the township's motion to vacate the arbitration award—and denied its motion to confirm the arbitration award and dismiss the township's motion to vacate the arbitration award—as the award draws its essence from the CBA and was not arbitrary, capricious, or unlawful. For the reasons that follow, we agree and hold that the arbitrator did not exceed her powers under the CBA where nothing in the CBA prevents the arbitrator from awarding any remedy inherent within the relief requested

2

in order to provide the employee with a full and adequate remedy under Article 7, section 6 of the CBA. Accordingly, we sustain the assignment of error, reverse the judgment of the trial court, and remand the cause for the trial court to reinstate and rule upon the union's motion to confirm the arbitrator's award under R.C. 2711.09 in a manner consistent with this opinion and the law.

## I. Relevant Provisions of the CBA

### A. Article 13 - Discipline

{¶3} Article 13, section 4, provides, "Whenever the Employer determines that an employee will be subject to discipline of suspension, reduction or termination, a disciplinary hearing will be scheduled to give the employee an opportunity to offer an explanation of the alleged misconduct."

{¶4} Article 13, section 8, provides, "Disciplinary action may be appealed through the Grievance Procedure."

### B. Article 49 – Family Medical Leave Act

{¶5} Article 49, section 1, of the CBA provides that the employer "agrees to apply the provisions of the Family Medical Leave Act (FMLA) to all employees in the bargaining unit."

{¶6} Article 49, section 3, provides, "The Employer may grant additional leave time, at their discretion, when requested by the Employee. The Employee, should he continue leave time, may continue health benefits through COBRA only."

{¶7} Article 49, section 4, provides, "Employees returning from FMLA leave shall be returned to the same or similar position within their former classification."

### C. Article 7 - The Grievance Procedure

{¶8} Under Article 7, section 1, of the CBA, a grievance is defined as, "a dispute or complaint arising between the Union or employee and employer who are

parties to this contract concerning the interpretation, application, or any breach of the terms of the Agreement, including any disciplinary action."

{¶9}    Under Article 7, section 2, all grievances must be in writing and must contain the following information to be considered: (1) the grievant's name and signature, (2) the grievant's classification and department, (3) the date the grievance was filed, (4) the grievant's supervisor, (5) as much information as possible concerning the grievance, (6) the specific provision(s) of the contact alleged to have been violated, and (7) the remedy sought to resolve the grievance.

{¶10}  Under Article 7, section 4, the grievance procedure consists of five steps. Under step one, the employee must submit the grievance in writing to his supervisor within ten days of the date the grievance arose. The supervisor must then render a written decision within seven days of the date the grievance was submitted.  Under step two, if the grievance is not resolved in step one, the employee must submit the grievance in writing on a union grievance form to the department head within seven days of the supervisor's decision.  The department head must then render a written decision within seven days of the date of receipt of the grievance.

{¶11}  Under step three, if the grievance is not resolved in step two, the employee—within seven days of receiving the decision of the department head—may appeal the decision by filing written notice of the fact with the township administrator or his designee, requesting a hearing.  The administrator or his designee must then conduct a hearing within 14 days of receipt of the written notice of appeal and must render a written decision within seven days after the hearing.  Under step four, if the grievance is not resolved under step three, the employee—within seven days from receipt of the decision of the administrator—may appeal the decision to mediation. Finally, under step five, if the grievance is not resolved under step four, the union may

submit the grievance for arbitration by written notice to the administrator or his designee.

{¶12} Article 7, section 6, of the CBA provides, "If the Employer fails to answer a grievance in a timely manner, it shall be deemed a settlement on the relief requested."

## II. Factual and Procedural History

### A. Events Prior to Arbitration

{¶13} In February 2021, an employee of the township was placed on FMLA leave after submitting a doctor's note to the township that provided that the employee could not lift, push, or pull anything over ten pounds, and must be allowed to take certain breaks due to an issue with his lumbar spine. The employee and the township stayed in communication over the next couple of months concerning the employee's treatment and pending return-to-work date. The township informed the employee that the restrictions in place were "severely limiting to the requirements" of his position and emphasized the importance of a date certain that the employee could return to work with no restrictions. The employee submitted additional physician certifications to the township—one in March and one in April—and continued communication with the township regarding the status of his treatment. The employee's restrictions remained in place, but he was cleared by his physician for light duty as of April 7, 2021.

{¶14} On April 28, 2021, the township sent a letter to the employee informing him that his FMLA leave was set to end on May 5, 2021, and, because the restrictions in place did not allow him to perform the essential functions of his position, he would need to provide a physician certification releasing him for full duty as of May 13, 2021. The letter stated, "Failure to be medically cleared and appear for full-duty work on

May 13, 2021, will be considered an absence without approved leave for which you may be subjected to discipline up to and including termination." The letter further provided the following options to the employee: (1) contact human resources ("HR") immediately about returning to work, (2) request extended leave without pay pursuant to the township's discretion under the CBA and provide an updated physician certification statement within seven days, and then be notified of whether the unpaid leave was approved, or (3) resign due to the inability to return to work. The letter finally said, "If I do not hear from you by May 5, 2021, the Township will assume you have abandoned your position and accordingly, your employment with Colerain Township will be terminated."

{¶15} Thereafter, the employee submitted additional documentation from his physician and continued communication with the township about his restrictions and treatment. However, the employee did not ultimately submit a physician certification clearing him for full duty prior to May 13, 2021.

{¶16} On May 14, 2021, the township sent another letter to the employee explaining that his leave expired on May 5, 2021, he failed to provide the documentation requested in the April 28, 2021 letter or provide a reasonable date of return, and failed to appear for work on May 13, 2021. The letter concludes by stating:

> You have failed to provide any certification from your physician that you can move forward with completing the essential functions of your position and you failed to appear for work on your return. Thus, the township has deemed that you have abandoned your position of Township Maintenance Worker and will be moving forward accordingly.

{¶17} On May 19, 2021, the union filed a grievance on the employee's behalf, stating a disagreement with the township's conclusion that the employee was not entitled to due process under Article 13, section 4, of the CBA. The grievance asserted that the township was in violation of Article 13, section 4, of the CBA and requested the following relief: "That a disciplinary hearing will be scheduled to give the employee an opportunity to offer an explanation of the alleged misconduct."

{¶18} On May 21, 2021, the director of the Colerain Township Public Services sent a letter to the union acknowledging receipt of the grievance. However, the letter asserted that the employee was not "terminated or disciplined in any regard" under Article 13, section 4, and was thus not entitled to a hearing under that section. The letter said, "Rather, [the employee] abandoned his position as the Township Maintenance Worker in the Public Services Department when he failed to appear for work on May 13, 2021."

{¶19} The parties agreed to skip step two of the grievance procedure and the union requested a hearing under step three of the grievance procedure. However, after the hearing was scheduled, counsel for the township informed the union that the township would not be moving forward with the grievance hearing because the employee abandoned his position, and was not terminated or disciplined, and therefore was not entitled to a hearing under Article 13, section 4 of the CBA.

{¶20} In response, the union requested to move forward to step four of the grievance procedure, which was mediation. However, counsel for the township responded that the township would not be participating in any mediation as the employee was never disciplined and there was "no interpretation, application, or any breach of the CBA at issue in this matter." The communication then informed the union that the township considered the matter closed.

## B. The Arbitration Proceedings

{¶21} The matter proceeded to arbitration. At the arbitration hearing, the township presented the testimony of the township's administrator, assistant administrator, public services director, and HR specialist. The union presented the testimony of the employee. The township argued that the employee failed to return to work from a leave of absence, which resulted in termination under the township policy 1.20 and abandonment of his position. On the other hand, the union argued that the township could not point to any definition of abandonment in the CBA or any township policy, and asserted that the township refused to give the employee the contractually-obligated predisciplinary hearing prior to termination, violated the employee's due-process rights as a classified employee, refused to hold contractually-obligated grievance hearings past step 1 which resulted in untimely responses thereafter, and terminated the employee without just and proper cause. More specifically, the union argued that the township's violation of the grievance procedure alone was an "insurmountable procedural violation," which results in a settlement of the relief requested under Article 7, section 6 of the CBA.

{¶22} The arbitrator ultimately found that the township stopped the grievance procedure midprocess without the union's agreement and therefore, based on the unequivocal language of the CBA, the township's failure to follow the grievance procedure was deemed a "settlement of the relief requested." Accordingly, the arbitrator sustained the grievance and ordered that the township reinstate the employee and "make him whole."

## C. Proceedings under R.C. 2711.09 and 2711.10

{¶23} On November 13, 2022, the township initiated the underlying action in the trial court by filing a "Motion to Vacate Arbitration Award." The motion requested

8

that the trial court enter an order vacating the arbitration award, asserting that the arbitrator exceeded her powers in violation of R.C. 2711.10, and "deviated from the essence of the [CBA] between the parties."

**{¶24}** On December 14, 2022, the union filed a "Motion to Dismiss and Motion to Confirm." The motion first asserted that the township's motion to vacate should be dismissed for failure to state a claim as the township "failed to state any facts under which [the] court would have the authority to vacate the instant arbitration award because the arbitration award in this case drew its essence from the CBA, and, therefore, the Arbitrator did not exceed her authority." The motion additionally requested that the trial court confirm the arbitration award, pursuant to R.C. 2711.09, as the arbitrator did not exceed her authority under the CBA and the township "has not proved any cause to vacate the arbitration award."

**{¶25}** On June 1, 2023, the trial court entered a decision finding that the arbitration award did not draw its essence from the CBA where the awards of reinstatement and being made whole "clearly conflict with the express terms of the CBA negotiated by the parties," as the relief requested in the grievance was only a pre-disciplinary hearing. Further, the trial court found that the employee was not entitled to reinstatement under the FMLA and the CBA as he was unable to perform an essential work function of his position and was not medically cleared to return to work.

**{¶26}** On June 15, 2023, the trial court entered an "Entry Vacating Arbitrator's Award," which incorporated its prior decision and expressly vacated the arbitrator's decision in its entirety. The union timely appealed from this judgment.

### III. Law and Analysis

### A. Governing Law and Standard of Review

**{¶27}** Under R.C. 2711.10(D), the court of common pleas must vacate an arbitration award if the arbitrator exceeded her powers, or "so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

**{¶28}** "An arbitrator's authority is limited to that granted to the arbitrator under the terms of the parties' agreement, and an arbitrator exceeds that authority where her award does not draw its essence from the agreement." *Bd. of Trustees of Anderson Twp. v. Anderson Twp. Professional Firefighters Assn., IAAF Local 3111*, 1st Dist. Hamilton No. C-180371, 2019-Ohio-2302, ¶ 10, citing *H.C. Nutting Co. v. Midland Atlantic Dev. Co., LLC*, 2013-Ohio-5511, 5 N.E.3d 125, ¶ 13 (1st Dist.).

**{¶29}** "An award draws its essence from the parties' agreement where 'there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious, or unlawful.' " *Id.* at ¶ 11, quoting *Princeton City School Dist. Bd. of Edn. v. Princeton Assn. of Classroom Educators*, 1st Dist. Hamilton No. C-120469, 2013-Ohio-667, ¶ 12. "But an arbitrator's award departs from the essence of the agreement where '(1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement.' " *Id.*, quoting *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11, AFSME, AFL-CIO*, 59 Ohio St.3d 177, 572 N.E.2d 71 (1991), syllabus.

**{¶30}** "Deference must be given to the arbitrator's decision." *Id.* at ¶ 12. " '[T]he arbitrator is the final judge of both the law and the facts, and a court may not substitute its judgment for that of the arbitrator.' " *Id.*, quoting *Portage Cty. Bd. of*

*Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 2017-Ohio-888, 86 N.E.3d 580, ¶ 11 (11th Dist.) ("*Portage Cty. I*"). " ' Judicial deference in arbitration cases is based on a recognition that the parties have agreed to have their dispute settled by an arbitrator rather than the courts and "to accept the arbitrator's view of the facts and the meaning of the contract regardless of the outcome of the arbitration." ' " *Id.*, quoting *Portage Cty. I* at ¶ 11.

{¶31} In other words, "the statutory authority of courts to vacate an arbitrator's award is extremely limited." *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893, ¶ 5, citing *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. City of Cleveland*, 99 Ohio St.3d 476, 2003-Ohio-4278, 793 N.E.2d484, ¶ 13. " 'Were the arbitrator's decision to be subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties * * *.' " *Id.*, citing *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 42 Ohio St.2d 516, 520, 330 N.E.2d 703 (1975).

{¶32} "So long as arbitrators act within the scope of the contract, they have great latitude in issuing a decision." *Id.* at ¶ 6. "An arbitrator's improper determination of the facts or misinterpretation of the contract does not provide a basis for reversal of an award by a reviewing court, because '[i]t is not enough * * * to show that the [arbitrator] committed an error—or even a serious error.' " *Id.*, quoting *Stolt-Nielsen, S.A. v. AnimalFeeds Internatl. Corp.*, 559 U.S. 662, 671, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010). "Moreover, [the Ohio Supreme Court] has held that arbitrators have 'broad authority to fashion a remedy, even if the remedy contemplated is not

explicitly mentioned' in the applicable contract." *Id.*, citing *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati*, 63 Ohio St.3d 403, 407, 588 N.E.2d 802 (1992); *accord Ohio Patrolman's Benevolent Assn. v. Cty. of Findlay*, 149 Ohio St.3d 718, 2017-Ohio-2804, 77 N.E.3d 969, ¶ 17. "Notwithstanding these principles, under R.C. 2711.10(D) arbitrators can exceed their powers by going beyond the authority provided by the bargained-for agreement or by going beyond their contractual authority to craft a remedy under the law." *Cedar Fair* at ¶ 7, citing *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 133 S.Ct. 2064, 186 L.Ed.2d 113 (2013).

{¶33} This court conducts a de novo review of the trial court's decision to determine whether R.C. 2711.10(D) is applicable to support vacating the arbitrator's award. *Bd. of Trustees of Anderson Twp.*, 1st Dist. Hamilton No. C-180371, 2019-Ohio-2302, at ¶ 13, citing *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804 ("*Portage Cty. II*"), syllabus. However, in doing so, this court must accept any findings of fact by the trial court that are not clearly erroneous. *Id.*, citing *Portage Cty. II* at syllabus.

### B. The Arbitrator Did Not Exceed Her Authority under the CBA

{¶34} The union argues that the trial court erred in vacating the arbitrator's award under R.C. 2711.10(D) as the arbitrator followed the language of the CBA in granting the grievance at issue and determining a remedy.

{¶35} We first note that, based on the arbitrator's finding that the grievance was deemed settled under the express terms of the CBA, a merits determination of whether the employee was actually disciplined and therefore entitled to a pre-disciplinary hearing is not at issue. *See generally Amalgamated Transit Union, Local*

*627 v. Southwest Ohio Reg. Transit Auth.*, 190 Ohio App.3d 679, 2010-Ohio-5494, 943 N.E.2d 1075 (1st Dist.). No party challenges the arbitrator's finding that the township failed to timely follow the grievance procedure, nor challenges the arbitrator's ability to make this determination under the CBA. Further, nothing in the CBA expressly prevents the arbitrator from making this determination, nor does the CBA provide that the settlement contemplated under the grievance process is nevertheless dependent upon the merits of the grievance.

{¶36} Article 7, section 6, of the CBA provides, "If the Employer fails to answer a grievance in a timely manner, it shall be deemed a settlement on the relief requested." The arbitrator found that the township's refusal to correctly follow the steps of the grievance procedure resulted in the grievance being deemed settled under this provision. The CBA expressly gives the arbitrator jurisdiction over disputes "arising out of grievances as to the interpretation, violations and the applications of the provisions of the CBA." There is no language beyond this that then limits the arbitrator's authority when ruling on such disputes. Therefore, whether the employee was actually disciplined and thus entitled to a predisciplinary hearing is not at issue here as nothing shows that the arbitrator went beyond her authority when making the determination that the matter was settled as to the relief requested in the grievance upon the township's failure to timely comply with the requirements of the grievance procedure.

{¶37} Instead, the issue here is whether the arbitrator went beyond her authority to award "the relief requested" by ordering that the employee be reinstated and made whole. The union argues that the CBA does not identify a source of the "relief requested," and therefore does not limit the request to that which is requested in the grievance form itself, so the arbitrator was within her authority to grant the relief

requested at the arbitration hearing. The township argues that the relief requested at the time of the township's failure to hold the step three hearing was the relief requested in the written grievance, and the express language of the CBA under Article 7, section 6 entitles the grievant to only the relief requested at the time of the employer's failure to timely answer a grievance.

{¶38} A review of Article 7 of the CBA in its entirety reveals that the grant of relief under Article 7, section 6 is clearly limited to the relief requested in a written grievance. However, such a resolution is not determinative of the issue before us. We must still determine the scope of the arbitrator's award to determine whether the arbitrator acted within her authority under the CBA when making such an award.

{¶39} In *Ohio Council 8, Am. Fedn. of State, Cty., & Mun. Emps., AFL-CIO v. Cent. State Univ.*, 16 Ohio App.3d 84, 474 N.E.2d 647 (2d Dist.1984), a grievance was filed against a university asserting that firefighters were required to work for a continuous 24-hour period but be paid for only 16 continuous hours of work. *Id.* at 87. The issue ultimately presented at the arbitration hearing was whether the grievance was timely processed under the labor agreement and, if not, what was the appropriate remedy for a default. *Id.* at 88. The arbitrator ultimately found that the grievance must be resolved in favor of the union under the labor agreement based on the university's failure to properly answer the grievance under the grievance procedure. *Id.* at 85, 88. The arbitrator's award was a general award that said the grievance was sustained and "decided in favor of the union on a procedural basis." *Id.* at 88.

{¶40} The union filed an action in the trial court to confirm the arbitrator's award. *Id.* at 85. The trial court found that the award was too vague and uncertain and remanded the matter to the arbitrator. *Id.* at 85, 87. The union appealed, and the

question presented was whether, under R.C. 2711.10(D), the decision of the arbitrator was so imperfect that it did not make a final and definite award upon the issue submitted. *Id.* The court of appeals said, "it is vital under R.C. 2711.10(D) to precisely ascertain the issue submitted to the arbitrator to determine if he exceeded his power, or, in the alternative, if he decided the issue." *Id.* The court looked at the language used by the union in the original grievance and the record to ascertain the issue submitted to the arbitrator. *Id.* at 87-88. The court concluded that liability on the subject matter, and not the extent of liability, was the only issue submitted to the arbitrator and said, "Since the extent of liability was not submitted for determination, the extent of liability was beyond the power delegated to the arbitrator." *Id.* at 88.

{¶41} Accordingly, the court rejected the argument that the general award by the arbitrator included any award of overtime pay for certain hours and said, "We find that the grievance citation did not incorporate an issue of overtime and that resolution of such an issue would have been beyond the power conferred upon the arbitrator by the method and language of submission used in this case under the labor agreement." *Cent. State Univ.*, 16 Ohio App.3d at 88-89, 474 N.E.2d 647. The court concluded that the "brief but general finding for the union under the circumstances is as definite and as broad as the language of the grievance citation." *Id.* at 89. The court said, "The fire fighters [sic] sought pay for twenty-four hours rather than sixteen of their duty day. The arbitrator generally made such an award." *Id.*

{¶42} Here, the written grievance submitted to the arbitrator asserted that the township violated Article 13, section 4 of the CBA and requested that a disciplinary hearing be scheduled to provide the employee "an opportunity to offer an explanation

15

of the alleged misconduct."[1]  Article 13, section 4 of the CBA states, "Whenever the Employer determines that an employee *will be* subject to discipline of * * * termination, a disciplinary hearing will be scheduled to give an employee the opportunity to offer an explanation of the alleged misconduct."  (Emphasis added.)  Thus, a hearing under this section is a *pre*disciplinary hearing, i.e., a hearing *prior to* termination.  Because the relief requested undoubtedly comprises such a hearing, we easily conclude that reinstatement is necessary to offer the employee such a hearing.

{¶43}  The question therefore becomes whether the arbitrator's further award of "make him whole" goes beyond the relief requested.  As this award is in the realm of a broad or general award in favor of the employee, we find *Cent. State Univ.* to be persuasive in that we must precisely ascertain the issue submitted to the arbitrator to determine the scope of the award.

{¶44}  The issue submitted in the grievance was whether the employee was entitled to a hearing under Article 13, section 4 of the CBA.  An employee is entitled to a hearing under this section if the employee is going to be disciplined.  At the start of the proceedings, the township argued that the employee was not entitled to a disciplinary hearing because the employee's termination was a result of the employee abandoning his position by failing to return to work after a leave of absence and not discipline.  The union argued that the employee's termination was discipline.  The union further argued that the matter was deemed settled under the CBA because the township failed to timely follow the grievance procedure.  The testimony and evidence presented was limited to information about the employee's position and status with

---

[1] We note that the record before the trial court indicates that the union attempted to amend its grievance via an email to counsel for the township prior to the arbitration hearing.  However, there is no indication in the record that such amended grievance was ever actually submitted to the arbitrator.  Therefore, this decision utilizes only the grievance that was utilized at the arbitration proceeding.

the township, what occurred from the time the employee was placed on leave until he was terminated, and what occurred during the grievance process. Accordingly, the arbitrator found in her decision that the issue before her was, "Did [employee] abandon his job or was his employment terminated by the employer as discipline?" Thus, the issue before the arbitrator was limited to whether the employee was disciplined for the purposes of Article 13, section 4 of the CBA and therefore entitled to a disciplinary hearing prior to termination.

{¶45} Because, on the record before us, the issue submitted to the arbitrator was limited to the question of whether the employee was disciplined and therefore entitled to a disciplinary hearing under Article 13, section 4 of the CBA, the arbitrator's award of "make him whole" cannot be read as going any further than placing the employee in the same position he was in at the time of termination in order to offer the employee a disciplinary hearing *prior to* termination as contemplated by the CBA. *See generally City of Ashtabula v. FOP*, 11th Dist. Ashtabula No. 2020-A-0027, 2020-Ohio-6677, ¶ 10, citing *Madison Local School Dist. Bd. of Edn. v. OAPSE/AFSCME Local 4, AFL-CIO*, 11th Dist. Lake No. 2008-L-086, 2009-Ohio-1315, ¶ 12 (" ' "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," ' 'a court may not vacate the arbitrator's determination.' ").

{¶46} The CBA expressly gives the arbitrator broad jurisdiction over disputes "arising out of grievances as to the interpretation, violations and the applications of the provisions of the CBA." We see nothing in the CBA that prevents the arbitrator from awarding any remedy inherent within the relief requested in order to provide the employee with a full and adequate remedy under Article 7, section 6 of the CBA. Reinstating the employee and returning him to the position that he was in at the time

of termination are remedies inherent within the requested relief of being provided a disciplinary hearing prior to termination. Therefore, we hold that there is a rational nexus between the arbitrator's award and the CBA, and the award therefore draws its essence from the CBA. Accordingly, we hold that the trial court erred in vacating the arbitration award under R.C. 2711.10(D) as the arbitrator did not exceed her powers under the CBA.

### C. The Trial Court Exceeded its Authority under R.C. 2711.10

**{¶47}** The union further argues that the trial court erred when it determined that the arbitration award should also be vacated because the employee did not have the right to restoration under the FMLA or the CBA when he could not perform the essential work functions for his position.

**{¶48}** "When considering a collective bargaining agreement, a court reviewing an arbitration award under R.C. 2711.10(D) is limited to determining whether the award draws its essence from the agreement and whether the award is unlawful, arbitrary, or capricious." *City of Cleveland v. Communication Workers of Am., Local 4340*, 8th Dist. Cuyahoga No. 111050, 2022-Ohio-2498, ¶ 23, citing *Assn. of Cleveland Fire Fighters, IAFF Local 93 v. Cleveland*, 99 Ohio St.3d 476, 2003-Ohio-4278, 793 N.E.2d 484. "An error of fact or law by an arbitrator does not provide a basis for vacating an arbitration award under R.C. 2711.10." *Id.* at ¶ 24, citing *N. Ohio Sewer Contrs., Inc. v. Bradley Dev. Co.*, 159 Ohio App.3d 794, 2005-Ohio-1014, 825 N.E.2d 650, ¶ 14 (8th Dist.).

**{¶49}** As mentioned above, the arbitrator never made any merits determination as to whether the employee was entitled to reinstatement under the FMLA or the CBA as she deemed the matter settled under the Article 7, section 6 of the CBA based on the township's failure to follow the grievance procedure. Therefore,

18

the merit of the grievance was not at issue as the matter was decided on procedural grounds. *See Amalgamated*, 190 Ohio App.3d 679, 2010-Ohio-5494, 943 N.E.2d 1075.

**{¶50}** When reviewing an arbitrator's award, " 'the court must distinguish between an arbitrator's act in excess of his [or her] powers and an error merely in the way the arbitrator executed his [or her] powers.' " *Orange Twp. v. IAFF Local 3816*, 5th Dist. Delaware No. 21 CAE 070033, 2022-Ohio-2757, ¶ 14, quoting *City of Piqua v. FOP, Ohio Labor Council*, 185 Ohio App.3d 496, 2009-Ohio-6591, 924 N.E.2d 876, ¶ 18 (2d Dist.). " 'The former is grounds to vacate; the latter is not.' " *Id.*, quoting *City of Piqua* at ¶ 18.

**{¶51}** As already established, there is nothing in the CBA which prevented the arbitrator from deciding the grievance on procedural grounds. Accordingly, any disagreement with the arbitrator's resolution of the grievance would merely go towards the arbitrator's exercise of her power and would not be grounds for vacating the arbitrator's award under R.C. 2711.10(D).

**{¶52}** Therefore, we agree with the union that it was error for the trial court to further determine that the arbitrator's award should be vacated because the employee was not entitled to reinstatement under the FMLA or the CBA. Such a determination went beyond the scope of the trial court's authority to vacate the arbitrator's award under R.C. 2711.10(D).

## IV. Conclusion

**{¶53}** For all the foregoing reasons, we sustain the assignment of error, reverse the judgment of the trial court, and remand the cause for the trial court to reinstate and rule upon the union's motion to confirm the arbitrator's award under R.C. 2711.09 in a manner consistent with this opinion and the law.

Judgment reversed and cause remanded.

**CROUSE** and **WINKLER, JJ.,** concur**.**

Please note:

The court has recorded its own entry this date.