■ MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Respondents, v RAY J. DeCHAINE, Appellant. [600 NYS2d 459] — Order of Supreme Court, New York County (Diane Lebedeff, J.), entered on or about October 28, 1992, which granted petitioners' application for a stay of arbitration to the extent of permanently staying arbitration of five of respondent's six claims, unanimously affirmed, without costs.

The interpretation that has been given section 15 of the National Association of Securities Dealers Code of Arbitration Procedure—that such is not a statute of limitations but a substantive eligibility requirement limiting the range of disputes the parties agreed to arbitrate *(Matter of Prudential Bache Sec. v Archard,* 179 AD2d 652, *lv denied* 80 NY2d 754) —should be adopted for the identically worded rule 603 of the New York Stock Exchange Arbitration Rules, and the timeliness of respondent's demand for arbitration left to the courts. Respondent's reliance on *Application of Conticommodity Servs. (Philipp & Lion)* (613 F2d 1222) does not avail in view of the more recent decision in *Volt Information Sciences v Stanford Univ.* (489 US 468), holding that the Federal Arbitration Act does not preempt a choice of State law to govern the

arbitration. Under New York law, which the parties' agreement specifically designates, courts are authorized to stay arbitration if the claim would have been time-barred had it been asserted in court (CPLR 7502 [b]). We also agree with the IAS Court because rule 603 is not a statute of limitations, it cannot be tolled by allegations of fraud *(Jones & Co. v Sorrells,* 957 F2d 509, 512-513). Concur—Wallach, J. P., Kupferman, Ross and Kassal, JJ.