■ In the Matter of the Arbitration between MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Respondents, and MARGARET B. MANHARD, Appellant. [607 NYS2d 640] —Order, Supreme Court, New York County (Joan Lobis, J.), entered January 12, 1993, which granted petitioners' motion for a permanent stay of arbitration, unanimously modified, on the law, to reverse insofar as the order stayed arbitration of claims which arose less than six years before the demand for arbitration was filed and to deny the motion as to those claims, and otherwise affirmed, without costs.

Arbitration was sought in this case pursuant to the Code of Arbitration Procedure of the National Association of Securities Dealers. Section 15 of that Code provides: "No dispute, claim or controversy shall be eligible for submission to arbitration under the Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction."

It was within the court's province to determine the applicability of this rule to the within claims and stay arbitration of those claims which arose more than six years before the claims were submitted to arbitration. This rule is an eligibility requirement rather than a statute of limitations, and its applicability must therefore be determined by the court *(Merrill Lynch, Pierce, Fenner & Smith v DeChaine,* 194 AD2d 472; *Matter of Prudential Bache Sec. v Archard,* 179 AD2d 652, *lv denied* 80 NY2d 754). We therefore find that the IAS Court properly stayed the arbitration of those claims which arose more than six years prior to their submission to arbitration.

However, as to the remaining claims, the IAS Court incorrectly found that, under CPLR 7502 (b), the courts were also the proper forum for determining the applicable statute of limitations. The parties' intention to resolve all disputes by arbitration is made clear by the agreement to arbitrate. In such circumstance, the policy of the Federal Arbitration Act requires that the applicability of a statute of limitations be decided by the arbitrators *(see, Smith Barney Harris Upham & Co. v Luckie,* 198 AD2d 87). Concur—Sullivan, J. P., Carro, Ellerin and Rubin, JJ.