■ In the Matter of the Arbitration between PRUDENTIAL SECURITIES INCORPORATED, Respondent, and KRISTI MANDT, Appellant. [613 NYS2d 626] —Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered April 19, 1993, which granted petitioner's application pursuant to CPLR 7502 (b) and 7503 (b) to permanently stay the arbitration proceeding commenced by appellant before the National Association of Securities Dealers, Inc., and which denied appellant's motion pursuant to CPLR 3211 to dismiss the petition, unanimously reversed, on the law and the facts, and the application to stay arbitration denied, with costs.

The IAS Court properly exercised personal jurisdiction over the non-domiciliary appellant in this action to stay arbitration, where here, appellant, a signatory to a Uniform Application for Securities Industry Registration and Transfer (a "U-4 Form"), consented, by filing her Demand for Arbitration and Statement of Claim with the National Association of Securities Dealers, Inc.'s New York office and by including the 20-day preclusion notice prescribed by CPLR 7503 (c) in the Demand for Arbitration, and where petitioner served the notice of petition to stay arbitration upon appellant's New York City and Washington attorneys in accordance with the express terms of CPLR 7503 (c) *(Merrill Lynch, Pierce, Fenner & Smith v Shaddock,* 822 F Supp 125, 130; *Matter of Knickerbocker Ins. Co. [Gilbert],* 28 NY2d 57, 65).

However, the court committed reversible error in determining that the Federal Arbitration Act ("FAA") did not preempt a New York court's jurisdiction to determine the timeliness of

the appellant's claims. The FAA governs, and supplants all State law inconsistent with its express provisions, in proceedings involving interstate commerce, such as the case at bar, where a registered securities dealer has executed a U-4 Form which includes an arbitration clause *(Fletcher v Kidder, Peabody & Co.,* 81 NY2d 623, *cert denied* — US —, 114 S Ct 554; *see, Societe Generale de Surveillance v Raytheon European Mgt. & Sys. Co.,* 643 F2d 863, 867). Statute of Limitations and choice of law questions arising in such a dispute must be determined by the arbitrators, rather than a court *(Smith Barney Harris Upham & Co. v Luckie,* 198 AD2d 87; *Matter of Merrill Lynch, Pierce, Fenner & Smith [Manhard],* 201 AD2d 347). Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.