■ MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Respondent, v SUMI OHNUMA, Appellant, et al., Respondents. [630 NYS2d 724] —Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered on or about May 24, 1994, which granted the petitions in consolidated arbitration proceedings commenced before the National Association of Securities Dealers (NASD), permanently stayed the arbitrations, and dismissed the cross motions to compel arbitration, unanimously reversed, on the law, the petitions to stay arbitration denied, and the cross motions to compel arbitration granted, with costs.

The petitioner sold interests in a limited partnership for the purpose of acquiring and developing real estate to the sixteen respondents. On what the parties refer to as the "trade date", each respondent placed an order for an interest, and pursuant to the terms of the offering, subscribed thereto. Several days later, on the "settlement date", funds were debited from each of the respondents' accounts; Merrill Lynch also recorded this date as the purchase date on monthly account statements sent to each respondent. The customer agreement form governing the sale provided that disputes were to be arbitrated pursuant to the rules of the New York Stock Exchange, or the NASD. It also provided that New York law shall govern "[t]his agreement and its enforcement". Just over six years after the trade date, but just under six years after the settlement date, each respondent commenced arbitration pursuant to the Code of Arbitration Procedure of the NASD. Section 15 of that Code provides: "No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to

any case which is directed to arbitration by a court of competent jurisdiction." The petitioner moved to stay the arbitrations permanently as untimely, arguing that the trade date was the operative event giving rise to this controversy. In opposition, respondents argued that the claims were timely because they were within six years of the settlement date, and that the unappealed judgment in a related case barred this petitioner from arguing otherwise. The trial court accepted the petitioner's position, granted a permanent stay of the arbitrations, and this appeal ensued.

The initial question presented on appeal is whether the court is the proper forum for resolution of the issue of the timeliness of respondents' claims, or whether the issue is within the sole province of the arbitrators. The law is settled in New York that section 15 of the NASD Code of Arbitration Procedure, placing a six-year limitation upon arbitrable claims, is a substantive eligibility requirement limiting the range of disputes that the parties have agreed to arbitrate, and that the timeliness of a demand for arbitration under this section is an issue for the court (*see, Merrill Lynch, Pierce, Fenner & Smith v DeChaine*, 194 AD2d 472, *lv denied* 82 NY2d 657; *Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193; *see also, Smith Barney v Schell*, 53 F3d 807 [7th Cir 1995] [applying New York law]; *PaineWebber, Inc. v Richardson*, 1995 WL 236722 [SDNY, Apr. 21, 1995, Schwartz, J.]).

Contrary to the respondents' understanding, the legal underpinning of the Court of Appeals' explicit decision on this issue (*see, Matter of Smith Barney, Harris Upham & Co. v Luckie, supra,* at 202) has not been disturbed by the United States Supreme Court's recent decision in *Mastrobuono v Shearson Lehman Hutton* (514 US — , 115 S Ct 1212). *Mastrobuono* held that a New York choice of law clause in an arbitration agreement, which, by implication, proscribed an arbitrator from awarding punitive damages, did not preclude enforcement of a conflicting provision in the same agreement which expressly granted the arbitrator this power. The two provisions at issue in *Mastrobuono* did not concern substantive arbitrability, and the Supreme Court's holding in that case does not alter the rule in this State that an eligibility determination under NASD Code of Arbitration Procedure § 15 is to be made by the court (*see, Smith Barney v Schell, supra; PaineWebber, Inc. v Richardson, supra* [both decided after *Mastrobuono v Shearson Lehman Hutton, supra*]).

Turning to the substance of the eligibility issue presented by these facts, it was error for the trial court to have disallowed

respondents' claims. Merrill Lynch is foreclosed from asserting the position that the trade date was the "occurrence or event giving rise to [this] claim", in light of the final judgment in a related case which necessarily determined this issue against its present position (*see, Merrill Lynch, Pierce, Fenner & Smith v Mitrou* (Sup Ct, NY County, index No. 130757/93, Dec. 23, 1993, Cohen, J.). In *Mitrou*, faced with the identical agreement to purchase an interest in the same limited partnership, the trial court found that Merrill Lynch could not disavow its reference to the settlement date as the date of purchase on monthly statements sent to investors. The record evidences that Merrill Lynch had a full and fair opportunity to litigate that dispute, and no appeal was taken from the trial court's adverse determination. Collateral estoppel requires the same result here (*Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, *cert denied* 488 US 1005). Concur—Rosenberger, J. P., Ellerin, Ross, Williams and Tom, JJ. [*See,* 161 Misc 2d 423.]