■ In the Matter of KIDDER, PEABODY & CO. INCORPORATED et al., Respondents, v OSCAR FISCH et al., Appellants. [661 NYS2d 31] —In a proceeding pursuant to CPLR article 75 for a permanent stay of arbitration, the appeal is from an order of the Supreme Court, Nassau County (Davis, J.), entered June 26, 1996, which granted the application.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Sally and Oscar Fisch invested their retirement savings with the petitioner, Kidder, Peabody & Co. Incorporated (hereinafter Kidder), through their broker, the petitioner James P. Dolan, Jr. In 1996 the Fischs demanded arbitration before the American Arbitration Association (hereinafter the AAA), contending, *inter alia,* that Kidder and Dolan mismanaged their account. They also sought punitive damages and attorneys' fees. The constitution of the American Stock Exchange provides that "all controversies" arising in connection with business between member firms and their customers shall be arbitrated. The constitution also provides, in a provision known as the "Amex Window", that arbitration shall be conducted under the procedures of the American Stock Exchange, except in the event that a customer elects to arbitrate before the AAA.

Kidder and Dolan commenced the instant petition to permanently stay the arbitration as untimely, based on Rule 605 (a) of the Arbitration Rules of the American Stock Exchange, which provides in pertinent part: "No dispute, claim or controversy shall be eligible for submission to arbitration in any instance where six (6) years shall have passed from the occurrence or event giving rise to the act or the dispute, claim or controversy".

Rule 605 (a) and similar provisions have been held to be "not simply procedural limitations on the timeliness of a claim but limitations on the power of the arbitrator to entertain such claims. [They] are eligibility requirements, not statutes of limitations" *(Smith Barney Shearson v Sacharow,* 238 AD2d 155; see, *Matter of Smith Barney v Hause,* 238 AD2d 104; *Merrill Lynch, Pierce, Fenner & Smith v Ohnuma,* 218 AD2d 572; *Merrill Lynch, Pierce, Fenner & Smith v DeChaine,* 194 AD2d 472; *Matter of Prudential Bache Sec. v Archard,* 179 AD2d 652). Based on this principle, the court granted the petition by Kidder and Dolan for a permanent stay of arbitration.

The threshold question is whether it was proper for the court to determine the issue of the timeliness of the Fischs' claims, or whether that determination should have been made by an arbitrator.

It is well settled that " 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit' " *(AT&T Technologies v Communications Workers,* 475 US 643, 649, quoting *Steelworkers v Warrior & Gulf Nav. Co.,* 363 US 574, 582; *Painewebber Inc. v Bybyk,* 81 F3d 1193). This includes the subject of the arbitration itself. The Supreme Court of the United States considered the question raised here, and stated in relevant part:

"Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, see, e.g., *Mastrobuono v Shearson Lehman Hutton, Inc.,* [*ante,* at 57] * * * so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter * * *

"This Court * * * added an important qualification, applicable when courts decide whether a party has agreed that arbitrators should decide arbitrability: Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so" *(First Options of Chicago, Inc. v Kaplan,* 514 US 938, 943, 944).

Thus, in cases where, as here, the parties have agreed to arbitrate any or all controversies, such inclusive language indicates that the parties agreed to arbitrate all disputes, including eligibility *(see, Smith Barney Shearson v. Sacharow, supra; Matter of Smith Barney v Hause, supra).* Accordingly, the question of the timeliness of the Fischs' claims should have been determined in arbitration, and it was improper for the court to answer that question. Similarly, the Fischs' claims for punitive damages and attorneys' fees should also be determined in arbitration *(see, Mastrobuono v Shearson Lehman Hutton,* 514 US 52, *supra; Smith Barney Shearson v Sacharow, supra; Hamershlag, Kempner & Co. v Oestrich,* 234 AD2d 172; *Mulder v Donaldson, Lufkin & Jenrette,* 224 AD2d 125).

In light of this determination, the remaining issues are academic. O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.