**AMALGAMATED TRANSIT UNION, LOCAL 627, Appellant,**

v.

**SOUTHWEST OHIO REGIONAL TRANSIT AUTHORITY, Appellee.**

[Cite as *Amalgamated Transit Union, Local 627 v. Southwest Ohio Regional Transit Auth.*, 190 Ohio App.3d 679, 2010-Ohio-5494.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C-090766.

Decided Nov. 12, 2010.

---

8. *State v. Hankerson* (1982), 70 Ohio St.2d 87, 24 O.O.3d 155, 434 N.E.2d 1362.

680

Jubelirer, Pass & Intrieri, P.C., and James B. Robinson; and Joseph S. Pass, for appellant.

Dinsmore & Shohl, L.L.P., Robert J. Reid, and Carly E. Chu, for appellee.

SYLVIA S. HENDON, Judge.

{¶ 1} This case arises out of a labor dispute between defendant-appellee, Southwest Ohio Regional Transit Authority ("SORTA"), and plaintiff-appellant, Amalgamated Transit Union Local 627 ("the union"). In its sole assignment of error, the union asserts that the trial court erred when it confirmed an arbitration award in favor of SORTA. The union is correct.

### SORTA Failed to Respond to the Union's Grievance

{¶ 2} SORTA provides public bus transportation services in the Greater Cincinnati area. Its buses are equipped with wheelchair lifts. After SORTA sent some wheelchair-lift repair work to a nonunion shop, the union filed a grievance against SORTA, following the procedure set forth in the parties' memorandum of agreement ("the agreement"). The grievance stated, "Division is doing wheelchair platform replacement. This is a [union] body shop job." In its grievance, the union's requested remedy was that wheelchair-lift repair work be sent to the union shop.

{¶ 3} Under Section 3(c) of the parties' agreement, SORTA was required to respond to the union's grievance in writing within five days, sustain or deny it, and state the reasons for its decision. SORTA failed to do so. Section 3(i) of the agreement states, "In the event that Management fails to respond to any aggrieved employee or his/her Union representative in any of the steps of the grievance procedure, such non-response shall be deemed a ruling in favor of grievant or Union."

### The Arbitrator's Award

{¶ 4} The dispute eventually proceeded to arbitration. The union argued the grievance on its merits, as well as on procedural grounds. The arbitrator decided the case under Section 3 of the agreement, concluding that since SORTA had violated the time provisions in Section 3(c), the union's grievance had to be upheld under Section 3(i). The decision further stated that "the remedy sought by the Union is unavailable * * * under the terms of the Memorandum of Agreement and cannot be granted." The decision to deny the union's remedy was apparently based on SORTA's position that it retained the right to determine how to assign repair work under the terms of the agreement.

{¶ 5} In the Hamilton County Court of Common Pleas, the union moved to vacate, modify, or correct the arbitration award. SORTA moved to confirm the

award. After extensive briefing by the parties, the trial court denied the union's motion and granted SORTA's. This appeal followed.

{¶ 6} In its single assignment of error, the union now asserts that the trial court's judgment must be reversed because the arbitrator's award directly conflicts with Section 3 of the agreement.

## Limited Standard of Review

{¶ 7} Because the private resolution of disputes by arbitration is favored, judicial review is limited.[1] A court cannot vacate an arbitrator's award absent any of the narrowly defined circumstances set forth in R.C. 2711.10.[2] Here, the union claims that the award should have been vacated under R.C. 2711.10(D) because the arbitrator exceeded his authority.

{¶ 8} In labor disputes such as this, an arbitrator's authority is limited to that granted to him by the contracting parties through the terms of their collective-bargaining agreement.[3] An arbitrator exceeds his authority if the award does not "draw its essence" from the agreement at issue.[4] Under the essence test, an award must be confirmed "when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious, or unlawful."[5] In contrast, an arbitrator's award departs from the essence of the parties' agreement when (1) it conflicts with the express terms of the agreement or (2) it lacks rational support or cannot be rationally derived from the agreement's terms.[6]

1. *Goodyear Tire & Rubber Co. v. Local Union 200* (1975), 42 Ohio St.2d 516, 520, 71 O.O.2d 509, 330 N.E.2d 703.

2. Id. at paragraph two of the syllabus.

3. *Goodyear Tire & Rubber Co.*, 42 Ohio St.2d at 519–520, 71 O.O.2d 509, 330 N.E.2d 703, citing *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.* (1960), 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424; *Internatl. Assn. of Firefighters, Local 67 v. Columbus* (2002), 95 Ohio St.3d 101, 103–104, 766 N.E.2d 139.

4. *Queen City Lodge No. 69, Fraternal Order of Police of Hamilton Cty., Ohio, Inc. v. Cincinnati* (1992), 63 Ohio St.3d 403, 406, 588 N.E.2d 802; see also *Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.* (C.A.6, 1999), 190 F.3d 434, 437.

5. *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 84, 22 OBR 95, 488 N.E.2d 872; see also *Internatl. Assn. of Firefighters, Local 67*, 95 Ohio St.3d at 102, 766 N.E.2d 139; *Cincinnati v. Queen City Lodge 69, Fraternal Order of Police*, 1st Dist. No. C–040454, 2005-Ohio-1560, 2005 WL 736667, ¶ 16.

6. *Ohio Office of Collective Bargaining v. Civ. Serv. Emps. Assn., Local 11 AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 572 N.E.2d 71, syllabus; see also *Leis v. Truck Drivers, Chauffeurs & Helpers Local Union 100* (Oct. 22, 1999), 1st Dist. No. C–981011, 1999 WL 960783.

### The Award Fails the Essence Test

{¶ 9} Here, the arbitrator's award conflicts with the express terms of Section 3(i) of the parties' agreement. It is undisputed that SORTA failed to respond to the union's grievance within the time set forth in Section 3(c). And Section 3(i) unequivocally states that SORTA's failure to respond "shall be deemed a ruling in favor of grievant or Union."

{¶ 10} Separating the remedy sought by the union from a grievance that was otherwise upheld, as the arbitrator did in this case, disregarded Section 3(i). The union and SORTA had bargained for and agreed to the exclusive remedy for SORTA's failure to respond within the prescribed time limits, i.e., "a ruling in favor of [the] grievant or Union"—not a "partial" ruling in the union's favor, as occurred here. We acknowledge that an arbitrator generally has broad discretion to fashion a remedy, but that discretion was limited in this case by Section 3(i).[7] The arbitrator therefore exceeded his authority by failing to grant the union the relief required by the agreement.

{¶ 11} Since the award conflicts with the express terms of Section 3, it fails the essence test. There is no rational nexus between the award and the agreement. We therefore hold that the trial court erred when it confirmed the arbitration award.

{¶ 12} The union also contends that the award was in conflict with Section 28 of the agreement and that the arbitrator was guilty of misconduct. Resolution of the union's first argument renders these issues moot, so we do not address them.[8]

{¶ 13} In sum, the union's sole assignment of error is sustained. The trial court's judgment is reversed. We hereby vacate the arbitration award and remand this case for the trial court to enter a corrected award in accordance with the terms of this decision and law.

Judgment accordingly.

CUNNINGHAM, P.J., and HILDEBRANDT, J., concur.

---

7. Cf. *Huber Hts. v. Fraternal Order of Police* (1991), 73 Ohio App.3d 68, 76, 596 N.E.2d 571.

8. See App.R. 12(A)(1)(c).