[Cite as *Greene v. Cincinnati*, 2012-Ohio-5393.]

# IN THE COURT OF APPEALS FIRST
# APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| EDWARD GREENE, | : | APPEAL NO. C-120079 |
| | | TRIAL NO. A-0706066 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| CITY OF CINCINNATI, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  November 21, 2012

*Bruce B. Whitman,* for Plaintiff-Appellant,

*John P. Curp,* City Solicitor, and *Augustine Giglio,* Assistant City Solicitor, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge**.

**{¶1}** Plaintiff-appellant Edward Greene appeals the judgment of the Hamilton County Court of Common Pleas confirming an arbitration award in favor of defendant-appellee city of Cincinnati. The arbitration was conducted after the city had terminated Greene's employment as a police sergeant.

### Greene's Alleged Misconduct

**{¶2}** Greene was employed as a sergeant in the city's Telephone Crime Reporting Unit. In that capacity, he oversaw a number of employees, whose essential task was to answer citizen calls and provide proper response. In 2004, Lieutenant Jeffrey Butler was transferred into Greene's unit and became his supervisor. Almost immediately, their working relationship was tumultuous.

**{¶3}** At the arbitration hearing, the city presented evidence that Greene had failed to follow even the most routine requests made by Butler. The record is replete with instances of Greene's failure to respond to Butler's emails, failure to properly discipline employees, refusal to follow the proper chain of command in submitting requests for leave, failure to inspect equipment, being absent without leave, and numerous other derelictions of duty. In response to these lapses, Butler prepared a number of "ESLs," which were log entries that documented the instances of misconduct.

**{¶4}** Butler testified that on many occasions, he had attempted to amicably resolve these issues with Greene, only to be met with resistance and even outright hostility. On March 16, 2005, Butler called Greene into his office to discuss a new report-tracking procedure for the unit. According to Butler, Greene had said that he did not "accept" the new policy and began to leave Butler's office. When Butler ordered Greene to remain, Greene said, "Go ahead and charge me with insubordination," and he left the office.

**{¶5}** Then, on May 24, 2005, Butler called Greene into his office to discuss a memorandum that Greene had failed to submit on time. Butler testified that Greene had

become belligerent, approaching Butler with his hands raised. After Butler ordered Greene to leave his office, Greene walked away, but he repeatedly stated in a loud voice, "You look like you want to beat me down. Do you want to beat me down?" Butler stated that he felt threatened by Greene's tone of voice and his body posture.

{¶6} Although Greene contended that his termination was the result of racial discrimination, the arbitrator found that contention unpersuasive. The arbitrator concluded that the city had proved its allegations of insubordination and that termination was the appropriate penalty.

{¶7} Greene filed a motion with the trial court to vacate the arbitrator's award. After a hearing before a magistrate, the magistrate recommended that the award be upheld. On October 1, 2010, the trial court issued a decision denying the motion to vacate the award, and Greene appealed. But because the trial court had not explicitly ruled on the objections to the magistrate's report, this court dismissed the appeal for lack of a final appealable order. *Greene v. Cincinnati,* 1st Dist. No. C-100715 (Aug. 5, 2011).

{¶8} Following our dismissal, the trial court issued an entry overruling the objections, and Greene filed the instant appeal.

### The Trial Court's Compliance with Civ.R. 53

{¶9} In his first assignment of error, Greene argues that the trial court erred by failing to properly rule on his objections to the magistrate's decision.

{¶10} As we stated in the first appeal of this matter, Civ.R. 53(D)(4)(d) mandates that a trial court rule on objections before entering judgment. In this regard, we have noted that "[a]n essential component of a trial court's judicial function is to review and ratify a magistrate's decision before it becomes effective." *Coors v. Maceachen,* 1st Dist. No. C-100013, 2010-Ohio-4470, ¶ 27, citing *Yantek v. Coach Builders Ltd., Inc.,* 1st Dist. No. C-060601, 2007-Ohio-5126, ¶ 10. Although an unstated disposition of objections in a "bare-bones" judgment entry is inconsistent with Civ.R. 53(D)(4)(d), a trial court does have latitude

in the manner in which it demonstrates compliance with the rule. *Chan v. TASR,* 1st Dist. No. C-070275, 2008-Ohio-1439, ¶ 10.

**{¶11}** In the case at bar, the trial court complied with Civ.R. 53(D)(4)(d). In its judgment entry, the court stated, "[a]fter hearing oral arguments on August 19, 2009, reviewing the written memorandum presented by the parties, and considering the evidence and transcript of proceedings before Arbitrator Joseph A. Alutto of the American Arbitration Association, the Court finds that Plaintiff-Appellant's objections are not well taken." Thus, contrary to Greene's assertion that the trial court had issued a "bare-bones" entry, the judgment explicitly indicated that the court had relied on the record in finding the objections to be without merit. The court therefore demonstrated that it had fulfilled its judicial function in reviewing the relevant material before finding the objections to be without merit. Accordingly, we overrule the first assignment of error.

### The Finding of "Just Cause" to Terminate

**{¶12}** In his second and final assignment of error, Greene contends that the trial court erred in overruling his objections. He maintains that the arbitrator exceeded his authority in determining that he had been discharged with just cause.

**{¶13}** Because the resolution of disputes through arbitration is favored, judicial review is limited. *Goodyear Rubber Co. v. Local Union No. 200,* 42 Ohio St.2d 516, 520, 330 N.E.2d 703 (1975). Thus, a court cannot vacate the decision of an arbitrator except under the narrow circumstances set forth in R.C. 2711.10. *Id.* at paragraph two of the syllabus. An arbitrator exceeds his authority under a collective-bargaining agreement only if the award does not "draw its essence" from the agreement. *Id.* at 519-520, citing *United Steelworkers of America v. Ent. Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

**{¶14}** Under the "essence" test, the arbitrator's award must be confirmed "when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious, or unlawful." *Mahoning Cty. Bd. of Mental Retardation and Dev.*

*Disabilities v. Mahoning Cty. TMR Edn. Assn.,* 22 Ohio St.3d 80, 488 N.E.2d 872 (1986),

paragraph one of the syllabus. On the other hand, an arbitrator's decision departs from the essence of an agreement where it conflicts with the express terms of the agreement or cannot be rationally derived from those terms. *Ohio Office of Collective Bargaining v. Civil Serv. Emp. Assn., Local 11, AFSCME, AFL-CIO,* 59 Ohio St.3d 177, 572 N.E.2d 71 (1991), syllabus; *Amalgamated Transit Union, Local 627 v. Southwest Ohio Regional Transit Auth.,* 190 Ohio App.3d 679, 2010-Ohio-5494, 943 N.E.2d 1075, ¶ 8.

{¶15} The collective-bargaining agreement in this case granted the city the right to discharge an officer for "just cause." Although the agreement did not define the term, courts have devised a two-part test to determine if an employer has demonstrated "just cause" to terminate an employee. The inquiry is "(1) whether a cause for discipline exists and (2) whether the amount of discipline was proper under the circumstances." *Cincinnati v. Queen City Lodge No. 69, Fraternal Order of Police,* 164 Ohio App.3d 408, 2005-Ohio-6225, 842 N.E.2d 588, ¶ 20, quoting *Bd. of Trustees of Miami Twp. v. Fraternal Order of Police, Ohio Labor Council, Inc.,* 81 Ohio St.3d 269, 271-272, 690 N.E.2d 1262 (1998).

{¶16} In this case, the record supports the arbitrator's conclusion that Greene had been terminated for just cause. The city documented a litany of instances in which Greene had been resistant, and at times outright defiant, in response to Butler's reasonable orders. The misconduct culminated in Greene's abusive and threatening tirade in response to Butler's questions about a routine memorandum. As the arbitrator aptly held, such conduct could not be tolerated in an organization that relies on discipline and order for its effectiveness.

{¶17} Nonetheless, Greene contends that the award did not draw its essence from the collective-bargaining agreement because the arbitrator did not require the city to impose progressive discipline. He argues that the issuance of the "ESLs" did not put him on notice that his employment was in jeopardy and did not provide him with an opportunity to dispute Butler's allegations of misconduct.

{¶18} We find no merit in this argument. First, Greene has failed to cite any

provision of the collective-bargaining agreement that precluded termination for serious

misconduct. Thus, it cannot be said that the arbitrator's award conflicted with the express terms of the agreement. Second, the record reflects numerous instances in which Greene was put on notice that his behavior was inappropriate, and his misconduct only escalated. Under these circumstances, we cannot say that the arbitrator's award was arbitrary, capricious, or unlawful. Accordingly, we overrule the second assignment of error.

## Conclusion

{¶19} The judgment of the trial court is affirmed.

Judgment affirmed.

**SUNDERMANN** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.