[Cite as *Short v. Resource Title Agency, Inc.*, 2014-Ohio-830.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100006**

# LINDA M. SHORT

PLAINTIFF-APPELLANT

vs.

# RESOURCE TITLE AGENCY, INC., ET AL.

DEFENDANTS-APPELLEES

### JUDGMENT:
AFFIRMED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-726337

**BEFORE:** Blackmon, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**ATTORNEYS FOR APPELLANT**

Charles V. Longo
Matthew D. Greenwell
Charles V. Longo Co. L.P.A.
25550 Chagrin Blvd., Suite 320
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEES**

David M. Cuppage
Margaret M. Metzinger
Climaco, Wilcox, Peca, Tarantino & Garofoli
55 Public Square, Suite 1950
Cleveland, Ohio 44113

Keith A. Ashmus
Frantz Ward L.L.P.
2500 Key Center
127 Public Square
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

{¶1} Apppellant Linda M. Short ("Short") appeals the trial court's decision vacating an arbitration award and assigns three errors for our review:

> I. The trial court erred in vacating the final and binding arbitration award by holding that the arbitrator, James J. McMonagle, exceeded his authority under R.C. 2711.10(D).

> II. The trial court erred in vacating the binding and final arbitration award without the benefit of an adequate record of the arbitration proceedings, establishing a defect as required by R.C. 2711.10.

> III. The trial court erred as a matter of law when it denied appellant's motion to strike appellee's appendix and by utilizing App.R. 9(C) to create an inaccurate and incomplete record of the arbitration proceedings.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

## Facts

{¶3} Short is a former employee of appellee Resource Title Agency ("Resource Title"). Appellees Leslie Rennell and Andrew Rennell are Resource Title's President and Chief Operating Officer, respectively. Resource Title hired Short as Senior Vice-President and National Account Representative for a term of three years with an annual salary of $165,000, plus commissions and other benefits. These and other terms regarding Short's employment were set forth in an employment agreement signed by the parties on July 15, 2009.

**{¶4}** On March 2, 2010, Resource Title terminated Short's employment. On May 11, 2010, Short filed a complaint against Resource Title, Leslie Rennell, Andrew Rennell, and David Kozicki ("Kozicki"),[1] the Company's Senior Vice-President and Underwriting Counsel who was jointly hired with Short at her suggestion. The complaint asserted claims for breach of contract (Count 1), promissory estoppel (Count 2), breach of an implied covenant of good faith and fair dealing (Count 4),[2] unjust enrichment (Count 5), and unenforceable restrictive covenant (Count 8).[3] The complaint also asserted a claim of fraud against Leslie Rennell and Andrew Rennell (Count 6), and intentional interference with contract against Kozicki (Count 7).

**{¶5}** Resource Title, Leslie Rennell, and Andrew Rennell filed counterclaims against Short arguing claims of fraudulent inducement and breach of contract.

**{¶6}** The underlying basis of Short's claims was that Resource Title breached the employment agreement in February 2010 by unilaterally reducing her salary to $100,000, and then terminated her employment in retaliation for her retaining counsel to address the breach. She additionally asserted that during "pre-employment discussions," Leslie Rennell and Andrew Rennell misrepresented that the company had the resources and the know-how to expand into the Chicago area.

**{¶7}** Resource Title, Leslie Rennell, and Andrew Rennell filed a motion to stay litigation, pursuant to R.C. 2711.02, pending arbitration per the terms of the arbitration

---

[1]Kozicki passed away after the arbitration.

[2]There is no Count 3 in appellant's complaint.

[3]Short later voluntarily dismissed Count 8 without prejudice.

clause in the employment agreement. The trial court granted the stay and found all of the claims except two arbitrable. The court found that the claim against Kozicki in Count 7 and the challenge to the noncompete clause in Count 8 were not subject to arbitration. The court stayed further litigation on these two counts pending the completion of the arbitration of the other claims.

{¶8} Short filed an appeal from the trial court's stay pending arbitration; this court affirmed the trial court's stay. *Short v. Resource Title Agency, Inc.*, 8th Dist. Cuyahoga No. 95839, 2011-Ohio-1577. The matter proceeded to arbitration. The arbitrator found that Short was terminated without just cause and awarded her the balance of the income she would have received if she worked the entire three years.

{¶9} Resource Title, Leslie Rennell, and Andrew Rennell filed a motion in the Cuyahoga County Common Pleas Court to vacate the arbitration award. The trial court concluded that the arbitrator did not exceed its powers in finding that Short was terminated without just cause. However, the trial court found the arbitrator exceeded his powers in awarding Short the balance of her salary because the award did not "draw its essence" from the agreement, which required damages for termination without cause to be restricted by a severance provision contained in the agreement.

{¶10} On the same day that Short filed her notice of appeal of the trial court's judgment, she also filed a motion to vacate the court's order vacating the arbitration award and a motion for the matter to be reassigned to another judge. We remanded the appeal so that the trial court could rule on these matters; the trial court denied both motions.

## Trial Court Exceeded Scope of Review

{¶11} In her first assigned error, Short argues that the trial court erred in concluding the arbitrator exceeded the scope of his authority.    Specifically, Short argues the trial court's limited review of arbitration awards prevents the court from vacating the award.

{¶12} It is well-established that the scope of judicial review of binding arbitration proceedings is limited.  *Goodyear v. Local Union No. 200*, 42 Ohio St.2d 516, 520, 330 N.E.2d 703 (1975).  Generally, an arbitrator is deemed the final judge of the law and facts, *Id*. at 522, and the arbitration award is presumed to be valid*.  Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129, 131, 551 N.E.2d 186 (1990).

{¶13} In accordance with the policy favoring private settlement of grievances, a trial court may only vacate an arbitration award as prescribed by R.C. 2711.10.  The appellate court undertakes the same review as the common pleas court. *Lynch v. Halcomb*, 16 Ohio App.3d 223, 475 N.E.2d 181 (12th Dist.1984); *Barnesville Exempted Village School Dist. Bd. Of Edn. v. Barnesville Assn. of Classified Emps.,* 123 Ohio App.3d 272, 704 N.E.2d 36 (7th Dist.1997);  *Ford Hull-Mar Nursing Home, Inc. v. Marr Knapp Crawfis & Assoc., Inc.,* 138 Ohio App.3d 174, 740 N.E.2d 729 (7th Dist.2000).

{¶14} R.C. 2711.10(D) requires a trial court to vacate an award where the arbitrator exceeds his or her authority.  An arbitrator will not be found to have exceeded his or her authority unless the award fails to "draw its essence" from the underlying contract.  *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati*, 63 Ohio St.3d 403, 406, 588 N.E.2d 802 (1992); *Thermal Ventures II, L.P.*

*v. Thermal Ventures, Inc.*, 8th Dist. Cuyahoga No. 85816, 2005-Ohio-3389. An arbitrator's award departs from the essence of the parties' agreement when (1) it conflicts with the express terms of the agreement, or (2) lacks rational support or cannot be rationally derived from the agreement's terms. *Amalgamated Transit Union v. S.W. Ohio Regional Transit Auth.*, 190 Ohio App.3d 679, 2010-Ohio-5494, 943 N.E.2d 1075 (1st Dist.).

{¶15} In the instant case, the trial court found that the arbitrator's award "was not based on the essence of the contract language" because it ignored the severance provision contained within the employment contract. Section 4 of the employment agreement outlines the events that would constitute termination "for cause" and also contains a severance provision that provides as follows:

> **Severance.** In the event that Employee's employment with Employer is terminated for any reason, Employee shall be entitled to all earned vacation, personal holiday, and sick time, commissions for open orders and closed orders but not yet paid. In the event Employee's employment with Employer is terminated by Employer for any reason (except for "cause" as defined in subsections 1 through 5 above), Employee shall be entitled to severance payments (in addition to those payments identified in the above sentence) in an amount equal to his base pay as follows: first year in an amount equal to 4 weeks; second year in an amount equal to 6 weeks; and third year in an amount equal to 8 weeks.

{¶16} The Ohio Supreme Court held that "an arbitrator is confined to interpreting the provisions of an [agreement] as written and to construe the terms used in the agreement according to their plain and ordinary meaning." *Internatl. Assn. of Firefighters, Local 67 v. Columbus*, 95 Ohio St.3d 101, 103, 2002-Ohio-1936, 766 N.E.2d 139. Thus, an arbitrator cannot "apply extraneous rules to the agreement, where

those rules were not bargained for and are contrary to the plain terms of the agreement itself." *Id.*

**{¶17}** Pursuant to the plain and ordinary meaning of the terms used in this provision, there are two different results depending on whether Short was terminated with or without cause. If she was terminated with cause, she would only receive payment for her unused vacation days, personal days, sick time, and commissions not yet paid. In the event that Short's employment was terminated without cause, in addition to the above, she would receive a severance package dependent on how many years she worked at the company.

**{¶18}** Here, the arbitrator found that Short was terminated without cause. Therefore, she was entitled to the severance package as set forth in the agreement. By awarding Short the remainder of her base salary over the course of the three-year agreement, the arbitrator ignored the severance provision that limited the award Short could receive and applied a rule that was "not bargained for and [was] contrary to the plain terms of the agreement." *Id.* Therefore, we agree with the trial court that the arbitrator's award had no rational nexus to the terms of the agreement. *H.C. Nutting Co. v. Midland Atlantic Dev. Co., L.L.C.*, 1st Dist. Hamilton No. C-130132, 2013-Ohio-5511 (arbitrator exceeded his authority by awarding consequential damages specifically excluded by the agreement); *Amalgamated Transit*, 190 Ohio App.3d 679, 2010-Ohio-5494, 943 N.E.2d 1075, at ¶ 10 (1st Dist.) (the arbitrator exceeded his authority by failing to grant the Union the relief required by the agreement); *Huber Hts. v. Fraternal Order of Police*, 73 Ohio App.3d 68, 596 N.E.2d 571 (2d Dist.1991) (arbitrator

exceeded his authority by awarding plaintiff five days pay because the award was inconsistent with the provisions within the collective bargaining agreement).[4]

{¶19} Short argues that Resource Title failed to bring this provision to the arbitrator's attention. However, the arbitrator had the agreement before him and in enforcing the agreement should have read it in its entirety and enforced the relevant provisions. In fact, the arbitrator specifically referenced Section 4 in determining that Short was terminated without just cause, yet failed to apply the provision limiting Short's damages in the event of termination without cause. It is well-settled that "[a]rbitrators cannot decide issues which the parties have not submitted for their decision." *Cleveland v. Assn. of Cleveland Fire Fighters, Local 93*, 20 Ohio App.3d 249, 253, 485 N.E.2d 792 (1984). However, in the instant case, the issue of Short's termination and subsequent award were subject to arbitration as stated in the agreement and issues that were directly before the arbitrator. Accordingly, Short's first assigned error is overruled.

## Record of Arbitration Hearing

{¶20} In her second and third assigned errors, Short argues that because there was no transcript of the proceedings, the trial court should have presumed regularity and affirmed the arbitrator's award. Short also argues the trial court erred by allowing Resource Title to assemble a record pursuant to App.R. 9(C).

{¶21} Here, no presumption of regularity applies, because the employment contract alone shows that the arbitrator did not draw the award from the essence of the

---

[4]At oral argument, this court questioned the parties about consequential damages; however, upon further reflection, consequential damages are not at issue because Short's loss of salary constitutes direct damage.

contract.  The arbitrator clearly had the employment contract before him because he referenced it in his decision.    A common pleas court can consider materials attached to a motion to vacate if the record before it indicates that the arbitrator also had these materials before him.  *See Chester Twp. v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 102 Ohio App.3d 404, 408, 657 N.E.2d 348  (11th Dist.1995);  *Shawnee Local School Dist. Bd. of Edn. v. Shawnee Edn. Assn.*, 3d Dist.   Allen No. 1-97-06, 1997 Ohio App. LEXIS 3364 (July 23, 1997).

{¶22} The trial court's use of App.R. 9(C) was not appropriate because the trial court did not hear the evidence before the arbitrator; therefore, it could not approve the statement.    The trial court appears to have been creatively finding a way that the exhibits, of which the arbitrator did not have a record, could be reviewed.    The arbitrator explicitly stated in its letter to Resource Title that "the parties submitted exhibits but there is no official record of what exhibits were admitted.  I would presume that the parties can replicate all their exhibits."   The court did allow Short time to object to any of the exhibits, but Short only objected to the trial court's use of App.R. 9(C) and not the exhibits themselves.   Thus, although the court incorrectly stated it was following the dictates of App.R. 9(C), the trial court's allowing Short time to object to any of the exhibits, alleviated any of the unfairness Short contends the exhibits created.

{¶23} Nonetheless, we conclude that the only document used by the trial court to vacate the award was the employment contract referenced by the arbitrator. Accordingly, a review of the other exhibits was not necessary to provide a basis to vacate the

arbitrator's award and any error in doing so was harmless. Short's second and third assigned errors are overruled.

## Cross Assignments of Error

{¶24} Appellees filed the following cross assignments of error:

I. The trial court erred in failing to vacate the arbitration award because the arbitrator exceeded his authority.

II. The trial court erred in failing to vacate the arbitration award and in apparently finding the corporate officers were liable for breach of contract entered into on behalf of the corporation.

{¶25} The subject and application of cross assignments of error and cross-appeals are addressed in App.R. 3(C) and the attendant staff note. Cross assignments of error are asserted for the purpose of preserving the relief granted in the trial court's judgment generally for reasons not advanced by the trial court, to further guard against reversal, and/or to obtain rulings on interlocutory orders, in the event the case is not affirmed. Cross-appeals are asserted for the purpose of obtaining different relief than that granted by the trial court. App.R. 3(C).

{¶26} Here, the appellees' cross assignments actually constitute arguments that are raised in a cross-appeal because they assert errors at trial beyond those raised in the direct appeal. Since no separate notice of appeal was filed with respect to such assigned errors, we conclude the errors are not properly before us. *Gary Moderalli Excavating, Inc. v. Trimat Const., Inc.*, 5th Dist. Tuscarawas Nos. 2012 AP 03 0022 and 2012 AP 03 0023, 2013-Ohio-1701; *Rzeszotarski v. Sanborn*, 11th Dist. Geauga No. 95-G-1906, 1996 Ohio App. LEXIS 2372 (June 7, 1996). Accordingly, the appellees' cross-assigned errors are overruled.

**{¶27}** Judgment affirmed; matter remanded for the trial court to determine the amount of award and to resolve pending claims that were stayed pending arbitration.

It is ordered that appellees recover from appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR


: